## ROBERT FINDLAY MFG. CO. v. HYGRADE LIGHTING FIXTURE CO.

(District Court, E. D. New York. April 19, 1923.)

1. Patents ⊗═287—All persons participating in infringement jointly liable.
   Evidence in a patent infringement suit *held* to show that a corporation and divers persons not parties to the suit had been so closely connected with the defendant, against whom decree had gone, as to make them liable as joint infringers under the rule that where infringement is brought about by concert of action, all persons directly and intentionally engaged therein become joint infringers, and that directors of a corporation by whose direction acts of infringement are committed are individually liable therefor.

2. Patents ⊗═310(10)—Evidence held to warrant order after decree against defendant making other persons parties defendant by supplemental bill.
   Facts and evidence, in the record of an infringement suit wherein judgment was rendered against defendant, *held* to show such a manifest attempt by other persons individually and as directors of another corporation to evade responsibility by having the acts of infringement done in the name of the defendant sued, and such active connection and interest in the business of defendant as to justify an order giving plaintiff leave to file a supplemental bill making them parties to the action.

In Equity. Patent infringement suit by the Robert Findlay Manufacturing Company against the Hygrade Lighting Fixture Company. Application by plaintiff for an order making Samuel Shapiro and others parties to the action, or in the alternative granting leave to file a sup-

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plemental bill for the purpose of making them parties. Application to file supplemental bill granted.

Doison & Roe, of New York City, for plaintiff.

Munn, Anderson & Munn, of New York City (Walter L. Post, of New York City, of counsel), for defendant.

GARVIN, District Judge. This is an application for an order making Samuel Shapiro, Morris Berman, Harry Cohn, Samuel Cominsky, and the Reliance Metal Spinning & Stamping Company parties to this action, or in the alternative granting plaintiff leave to file a supplemental bill, for the purpose of making Samuel Shapiro, Morris Berman, Harry Cohn, and the Reliance Metal Spinning & Stamping Company parties to this action.

[1] The case has gone to a decree. Considerable testimony has been taken before a master. That record establishes clearly that the parties sought to be brought before the court as defendants herein have been so closely connected with the defendant Hygrade Lighting Fixture Corporation as to bring the application well within the rule laid down in the case of New Jersey Patent Co. et al. v. Schaeffer (C. C.) 159 Fed. 171, where it is said at page 173:

"Where an infringement of a patent is brought about by concert of action between a defendant and complainant's licensee, all engaged directly and intentionally become joint infringers. Heaton, etc., Button, etc., Co. v. Eureka Specialty Co., 77 Fed. 288, 25 C. C. A. 267, 35 L. R. A. 728; Wells, etc., Co. v. Abraham (C. C.) 146 Fed. 190, and 149 Fed. 408, 79 C. C. A. 228."

And the cases of Eddy v. Kramer and Eddy v. Mather (D. C.) 247 Fed. 962:

"Directors of a corporation by whose direction acts of infringement are committed by subordinate officers or agents are liable individually therefor."

Other authorities to the same effect are so numerous that no good purpose can be served by setting them forth at length.

The record in this case discloses such a manifest attempt to evade responsibility by having the acts complained of done in the name of the defendant sued, with all the parties sought to be brought in actively engaged in the business of the defendant, either as officers of said defendant or as a corporation which, except in name, was really the defendant, that to permit them to escape liability would be to invite fraud. The record is so clear that the court will not dignify the opposition to the application by an analysis of the testimony. Recently the court has had occasion to grant an application by the master for an order requiring the individuals involved to pay his fees. Reasons which prompted the court to grant that application are similar to those here controlling.

[2] The defendant, in opposition to the application, asserts in its brief that a supplemental bill will not be allowed where facts to be set up therein existed before suit, and by reasonable diligence could have been discovered and pleaded by way of amendment. The assertion is then made that there is nothing in the record to show that the individuals were using the defendant corporation as a blind to avoid

personal liability. If the latter statement is true, it is difficult to understand how plaintiff could have known what defendant claims has not been disclosed even now.

While the court may have power to join parties after decree (Foster's Fed. Practice [6th Ed.] vol. 2, p. 1228, citing Coburn v. Cedar Valley Land & Cattle Co., 138 U. S. 196–223, 11 Sup. Ct. 258, 34 L. Ed. 876), I have concluded to grant the alternative relief sought. Plaintiff may have leave to file a supplemental bill, making Samuel Shapiro, Morris Berman, Samuel Cominsky, Harry Cohn, and Reliance Metal Spinning & Stamping Company parties. See Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123.