**OVERMAN CUSHION TIRE CO., Inc., v. GOODYEAR TIRE & RUBBER CO., Inc.**

District Court, S. D. New York.

Dec. 22, 1930.

Archibald Cox and Robert W. Byerly, both of New York City, for plaintiff.

Cooper, Kerr & Dunham, of New York City, for defendant.

William B. Cockley, of Cleveland, Ohio, for Goodyear Tire & Rubber Co.

PATTERSON, District Judge.

This is an application by the plaintiff in a patent infringement suit, after interlocutory decree, to add a new party defendant and to have the pleadings and decree amended nunc pro tunc so as to bind such new party. The suit is for patent infringement, and was commenced in 1927. The only defendant named in the bill and the only defendant served with process was Goodyear Tire & Rubber Company, Inc. The bill alleged that the defendant was a Delaware corporation, with a principal place of business in Akron, Ohio, and a regular place of business in this district, and that it had committed acts of infringement within the district. In particular the bill charged the defendant with having within the district manufactured, sold and used tires which infringed the plaintiff's inventions. These allegations, except as to the defendant being a Delaware corporation and having its principal place of business in Akron, were controverted in the answer. The case came on for trial in March, 1929. At that time it was stipulated that the defendant had "sold" in

this district certain tires marked as exhibits. The trial resulted in an interlocutory decree, to the effect that the defendant had infringed "by making, using and selling" tires containing the plaintiff's invention (D. C.) 34 F. (2d) 508. This decree was affirmed by the Circuit Court of Appeals, 40 F. (2d) 460. In the accounting which followed, a conflict developed regarding the scope of the accounting. It was then pointed out by the defendant's solicitors that the defendant, Goodyear Tire & Rubber Company, Inc., was a selling company pure and simple; that it was a subsidiary of Goodyear Tire & Rubber Company, which was an Ohio corporation, and which manufactured the tires; and that the latter company was not a defendant in the suit. The defendant at first consented to include manufacturing profits of the parent company, Goodyear of Ohio, in the accounting, but refused to accede to the plaintiff's suggestion that the parent company be added as a defendant. Later it withdrew its offer to broaden the scope of the accounting.

The plaintiff thereupon made this application to have the parent company added as a party defendant, to have the pleadings and proceedings amended nunc pro tunc, and to have the interlocutory decree amended so as to grant an injunction and award an accounting against the parent company, Goodyear of Ohio. In the affidavits supporting the application, it is shown that both on the trial and in the briefs on appeal there are references by the defendant's solicitor to the "manufacture" of tires by the defendant, and it is argued that, since the parent company was the manufacturing unit, these references must have been to the parent company. It is also shown that the entire capital stock of the selling company is owned by the parent company; that the same persons fill corresponding offices in both companies; that the place of business in New York City conducted by the selling company is listed in the parent company's annual report to stockholders as a distributing branch and bears on a sign the parent company's name—"The Goodyear Tire & Rubber Co. Building," without the suffix, "Inc." It is also shown that a salesman in the employ of the subsidiary used a card bearing the name of the parent company —"The Goodyear Tire & Rubber Co."

The application is opposed by the present defendant. It is also opposed by attorneys appearing specially for the parent company, who have made a counter motion to have set aside the service of the plaintiff's motion papers upon the person in charge of the Goodyear local office, in so far as such service is an attempt to serve the parent company. It is shown that the two companies are distinct corporate entities, and that the course of dealing between them is for the parent company to sell goods to the selling subsidiary.

Where a plaintiff in an equity suit desires to have a new party added as a defendant, the course usually pursued is to ask leave to file an amended or supplemental bill stating a cause of action against the new party. Findlay Mfg. Co. v. Hygrade Lighting Fixture Co. (D. C.) 288 F. 957; Safety Car Heating and Lighting Co. v. United States Light & Heating Co. (D. C.) 2 F. (2d) 384. If leave is granted, service of process, pleadings by the new defendant, and trial of the new issues follow. Until process is served upon the new defendant, he is not subject to the jurisdiction of the court. Shaw v. Bill, 95 U. S. 10, 14, 24 L. Ed. 333. In the present case, the plaintiff's motion is not of this character. What is here sought is to have the parent company added as a defendant and to have the pleadings and interlocutory decree amended retroactively, so that the injunction and accounting already ordered against the present defendant may run also against the proposed new defendant. The new party is not to have its day in court in the future. I take it as plain that this relief can be granted only on proof that the proposed new party has already had its day in court, that it was actually before the court as a defendant at the trial of this case.

In my opinion, it cannot be said that the parent company, Goodyear of Ohio, was before the court as a party defendant. It was not named as a defendant in the bill. Process has never been served upon it. The only remaining way in which it could have acquired a status in the suit was by its voluntary appearance. Now it is settled that the fact that a stranger to a suit is conducting the defense in behalf of the nominal defendant does not amount to an appearance by the stranger. A motion by the plaintiff to have such a party joined as a defendant will fail. Parsons Non-Skid Co. v. Willis Co. (C. C.) 176 F. 176; Bidwell v. Toledo Consol. St. Ry. Co. (C. C.) 72 F. 10; Freeman-Sweet Co. v. Luminous Unit Co. (C. C. A.) 264 F. 107. Here there is no such proof; so far as I know, the defendant's solicitors never admitted that the parent company had taken charge of the defense. What we do have here is the fact that in the course of the trial, and also upon the appeal, the defendant's solicitors seem to have drawn no distinction between the selling com-

pany, which was the actual defendant, and the manufacturing company. They referred several times to the defendant as a manufacturer of tires. But, in view of their statement that they were never authorized by the manufacturing company to appear for it in the suit, it seems to me that these mistaken statements cannot be deemed the equivalent of an appearance in behalf of the manufacturing company. The case would be different if the latter company had been named in the bill as a defendant.

If these views are sound, it is unnecessary to consider in detail the relationship between the two Goodyear companies. That they are distinct corporate entities is clear. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634. The plaintiff urges, however, that the connection between them is so close that the acts of the subsidiary in this district (selling the infringing tires and maintaining a regular place of business) should be viewed as the acts of the parent, on grounds of agency, and that consequently this court has jurisdiction over the parent in a patent infringement suit. The full force of this argument might be granted without reaching the conclusion that the plaintiff is entitled to the relief asked for. Even if the parent were doing business here in its own name, and were therefore clearly subject to suit in this district, it would not be a party until actually brought into court. The question here is whether the parent company has been in court. Conversely, as to the contention by the parent company that it is not amenable to process here. This position might be conceded; yet, if the parent company has already appeared in this very suit, the point that the court would otherwise have no jurisdiction over it becomes academic. As already indicated, the question on this application is not whether the parent company might have been sued in this district; the question is whether it has already become a party defendant in the case.

The point whether the parent company, Goodyear of Ohio, will be bound by the result in the suit against the subsidiary, Goodyear of Delaware, is not before me. Probably the final decree, when entered, will be binding upon it so far as infringement is concerned. Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148. But it by no means follows that it should be made a formal party to the suit. Freeman-Sweet Co. v. Luminous Unit Co., supra.

I am not impressed with the defendant's argument based upon the pendency in the District Court for the Northern District of Ohio of a suit by the parent company against the plaintiff. It seems that, since the affirmance of the interlocutory decree, the parent company has dropped the manufacture of the infringing tire, and is making a tire of another type, and that the plaintiff has told the trade that tires of this new type are inferior. In the Ohio suit, the parent company charges the plaintiff with circulating false statements about its new tires. Rule 30 of the Equity Rules (28 USCA § 723) provides that the answer must state any counterclaim "arising out of the transaction which is the subject-matter of the suit," and the parent company urges that consequently the plaintiff's sole remedy against it is to file a counterclaim in the Ohio suit. Suffice it to say that the parent company's infringement of the plaintiff's patent does not arise out of the transaction which the former is complaining of in that suit. The situation is too plain to require the citation of authorities.

The plaintiff's motion will be denied, without prejudice to a motion for leave to file an amended or supplemental bill. In view of this result, it is unnecessary to pass upon the motion made in behalf of the parent company to set aside service.