# HART STEEL COMPANY ET AL. *v.* RAILROAD SUPPLY COMPANY.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 67.  Argued April 17, 18, 1917.—Decided May 21, 1917.

A patent owner sued for infringement in two circuits, the defendants being, in one case, a corporation which manufactured the articles complained of, and, in the other, a second corporation whose shares were owned, and whose conduct was controlled, by the first and which, with its manager (joined with it as co-defendant), was acting as the selling agent of the first corporation under its authority and in its interest. The subject-matter and relief prayed were the same in both suits. *Held*, that there was such privity between the defendants that a judgment against the plaintiff rendered by the Circuit Court of Appeals in the suit against the manufacturer was *res judicata* as to the other suit, then pending before the Circuit Court of Appeals for the other circuit.

A decree against the plaintiff in a patent infringement suit was affirmed by the Circuit Court of Appeals for the Sixth Circuit while its appeal

from a like decree in another suit involving the same controversy was pending unheard before the Circuit Court of Appeals for the Seventh Circuit. *Held*, that a motion for an affirmance, seasonably made to the latter court and supported by certified copies of the record and journal entries in the other case, establishing legal identity of the subject-matter and privity of the parties, was a proper means of interposing the defense of *res judicata*, and that the motion should have been granted.

222 Fed. Rep. 261, reversed.

. THE case is stated in the opinion.

*Mr. Frederick P. Fish* and *Mr. Frank F. Reed,* with whom *Mr. Edward S. Rogers* was on the briefs, for petitioners.

*Mr. Taylor E. Brown,* with whom *Mr. Clarence E. Mehlhope* was on the brief, for respondent.

MR. JUSTICE CLARKE delivered the opinion of the court.

This suit is here on certiorari to review the decision of the Circuit Court of Appeals for the Seventh Circuit.

On December 9, 1908, the respondent herein, The Railroad Supply Company, as owner of three United States patents, viz., Nos. 538,809, 691,332 and 721,644, filed a bill in the District Court for the Northern District of Illinois against The Hart Steel Company and Guilford S. Wood, praying that the defendants be restrained from infringing certain designated claims of its patents, which are described in their specifications as covering new and useful improvements in railway tie-plates. This case will be hereinafter referred to as the First Case.

Three months later, on March 26, 1909, the same plaintiff commenced a second suit against The Elyria Iron & Steel Company in the District Court for the Northern District of Ohio, praying for the same relief with respect to the same claims of the same patents as in the First Case.

The two bills differed only as to the parties defendant. The Elyria Iron & Steel Company, the defendant in the Second Case, was a manufacturing corporation and was the owner of all of the capital stock of The Hart Steel Company, the defendant in the First Case, which was the selling agent of the Elyria Company, and Wood was its manager.

The same defenses being relied upon in the two cases, the evidence was taken in the first one, and by stipulation a carbon copy of it was filed in the second, and the same exhibits were used in the two.

The claimed infringement consisted in the manufacture of a single order of tie-plates by the Elyria Company and the sale of them by the Hart Company, with Wood as its manager, to the Atchison, Topeka & Santa Fe Railroad Company.

Such proceedings were had in the First Case that on December 18, 1911, the Circuit Court for the Northern District of Illinois decided that the construction or device sold by the defendants did not infringe the claims of the plaintiff's patents relied upon, and dismissed the bill for want of equity.

In the Second Case such proceedings were had that on March 4, 1912, the District Court for the Northern District of Ohio entered precisely the same decree as was entered in the First Case.

Each case was appealed to the appropriate Circuit Court of Appeals and on April 7, 1914, that court for the Sixth Circuit, in a carefully considered opinion, found the claims of the patents relied upon void for want of novelty and invention and affirmed the decision of the District Court. A petition for rehearing was denied on the thirtieth day of the following June.

On the sixth day of October, 1914, the first day of the next ensuing term of the Circuit Court of Appeals for the Seventh Circuit, the defendants in the first suit, which

was still pending undetermined, filed a motion praying that court to affirm the decree of the Circuit Court, upon the ground that all of the issues in the case had been fully and finally determined and adjudicated by the Circuit Court of Appeals for the Sixth Circuit in the Second Case between the plaintiff and The Elyria Iron & Steel Company, with which the moving defendants The Hart Steel Company and Guilford S. Wood were in privity. In support of this motion a copy of the record and journal entries in the Second Case was filed which showed that the two records were "identical."

The record shows that this motion to affirm the decree of the Circuit Court was argued orally on October 6, 1914, and was on the same day denied, but no reason appears in the record for such denial.

Subsequently the case was argued on its merits and on January 5th, 1915, the Circuit Court of Appeals for the Seventh Circuit found the plaintiff's patents valid and infringed and, reversing the decision of the Circuit Court (then the District Court) remanded the case with an order for an accounting.

The Hart Steel Company and Wood, as petitioners in this court, assign as error the overruling by the Circuit Court of Appeals for the Seventh Circuit of their motion to affirm the decision of the Circuit Court in their favor.

It is apparent from the foregoing statement that the question presented to the Circuit Court of Appeals for the Seventh Circuit by the petitioner's motion to affirm was whether or not the decree of the Circuit Court of Appeals for the Sixth Circuit was a final determination of the issues presented in the case pending and not yet argued in the Circuit Court of Appeals for the Seventh Circuit so as to be *res judicata* and binding on that court because of the identity of the subject-matter and the claims and because of the privity of the parties.

The doctrine of *res judicata* is fully applicable to cases

of patent infringement, Robinson on Patents, § 983; Walker on Patents, § 468, and while the record does not show the grounds upon which the motion to affirm was overruled, it does show that the motion was argued, was considered by the court and denied. If authority be needed to the point that the claim thus made for the effect of the judgment of the Circuit Court of Appeals for the Sixth Circuit was presented properly and in time it may be found in *Stout* v. *Lye*, 103 U. S. 66; *Sheldon* v. *Patterson*, 55 Illinois, 507; *Howard* v. *Mitchell*, 14 Massachusetts, 241.

There can be no doubt from the record before us that the Elyria Company owned all of the capital stock of the Hart Company, that the latter company was a mere sales agent of the former, that Wood was the salaried manager of the latter, that both the Hart Company and Wood were agents subject to the control of the Elyria Company and that in selling the tie-plates and as defendants in the litigation they acted wholly under the authority and in the interest of their principal. Identity of interest could not be clearer or closer than it was between the defendants in the two cases,—they represented precisely the same, single interest, and the Hart Company and Wood as agents of the Elyria Company were obviously and necessarily privies to the judgment rendered in its favor in the Circuit Court of Appeals for the Sixth Circuit. *Bank of Kentucky* v. *Stone*, 88 Fed. Rep. 383, affirmed in *Kentucky Bank Tax Cases*, 174 U. S. 408; *Emery* v. *Fowler*, 39 Maine, 326; *Castle* v. *Noyes*, 14 N. Y. 329; *Emma Silver Mining Co.* v. *Emma Silver Mining Co. of New York*, 7 Fed. Rep. 401.

With the identity of the subject-matter and issues of the two cases admitted, the privity of parties to them clear, and the question of the ruling effect of the decree of the Circuit Court of Appeals for the Sixth Circuit presented in an appropriate manner to the Circuit Court of Appeals for the Seventh Circuit, a court of coördinate jurisdiction,

we cannot doubt that the latter court fell into error in not sustaining the motion of the petitioners to affirm the decision of the Circuit Court. The defendants should not have been put to further expense, delay and trouble after the motion was presented. The question is ruled by *Kessler* v. *Eldred*, 206 U. S. 285; *Brill* v. *Washington Ry. & Elec. Co.*, 215 U. S. 527, and *Russell* v. *Place*, 94 U. S. 606.

This doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect. *Kessler* v. *Eldred*, *supra*.

The conclusion which we have reached in the Second Case (*Railroad Supply Co.* v. *Elyria Iron & Steel Co.*), this day decided, *ante*, 285, with respect to the merits of the patents involved in this litigation is such that it leaves our decision in this case uncomplicated by the one in that. The decree of the Circuit Court of Appeals is

*Reversed.*


MR. JUSTICE DAY did not take any part in the decision of this case.