## SAFETY SEAL CORPORATION v. BOND ELECTRIC CORPORATION.

No. 943.

District Court, D. Delaware.

May 15, 1933.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., and Leonard Day, of New York City, for plaintiff.

William G. Mahaffy, of Wilmington, Del., and Henry D. Williams (of Williams, Rich & Morse), of New York City, for defendant.

NIELDS, District Judge.

In January, 1932, Safety Seal Corporation filed its bill in this court against Bond Electric Corporation charging infringement of Apostoloff Patent No. 1,546,461 for an improved dry battery. The defense of res judicata is made by the defendant in its answer along with the usual defenses. This defense was separately heard under Equity Rule 29 (28 USCA § 723).

At the hearing it was shown that a suit by Union Dry Battery Corporation of America against the present defendant for infringement of the above-mentioned Apostoloff patent was brought in February, 1929, in the Southern District of New York and was tried two years later in February, 1931. Upon the conclusion of the trial, Judge Coleman "in an oral opinion, stated that he was going to dismiss the bill of complaint." In May, 1931, pending the entry of a decree, Union Dry Battery Corporation of America, the plaintiff in the New York suit, assigned the Apostoloff patent to Safety Seal Corporation, plaintiff here. In December, 1931, the New York court made an order "that the Safety Seal Corporation be and hereby is made a party plaintiff to this suit." January 5, 1932, the bill of complaint was filed in this court. It is the usual bill for patent infringement and makes no mention of the New York suit. Shortly thereafter, January 18, 1932, a final

decree on the merits was entered by the District Court in New York dismissing the bill of complaint on the ground of noninfringement. No appeal was taken. Defendant relies upon this decree in its defense of res judicata.

■ To this defense Safety Seal Corporation, the plaintiff here, replies that the parties and the subject-matter in the two suits are not the same. As to parties, plaintiff contends it was not served, did not appear, and was made party plaintiff in the New York suit without warrant of law, and, therefore, the decree is a nullity as to it. However, the defense of res judicata is independent of any question of service upon or appearance by Safety Seal Corporation in the New York suit. The res is the cause of action alleged, that is, the alleged tort or infringement of a patent. Res judicata to be effective as a plea in bar or as conclusive evidence must be a judicial settlement of the cause of action between the same parties or their privies. It is not a defense that may or may not be invoked by a private litigant like the doctrine of estoppel. It is a doctrine or principle of law formulated in the public interest so that there may be finality in judgment. It is necessary in the interest of the administration of justice and the ending of litigation that the rights of litigants once decided remain decided. While the term "privity" may be somewhat obscured by the scholastic definition of the early cases, the defense of res judicata is a vital present day doctrine which should receive a liberal construction. Its application in cases of infringement of patents is established. Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148.

■ In January, 1932, the Delaware suit was brought. Within two weeks the New York decree was entered. When the defendant filed its answer in Delaware, an adjudication of the cause of action in both suits, that is, the question of the infringement of the Apostoloff patent, had been determined by a final decree in the New York suit. The defendant was entitled to raise in its answer the defense of res judicata because that defense existed at that time, like other defenses that arise after suit brought.

■ The primary matter with which the New York court dealt was whether defendant infringed the Apostoloff patent. Who was owner of the patent was a secondary consideration. Three years after suit brought the New York court determined that the patent was not infringed. Whether a party or not,

Safety Seal Corporation undoubtedly is a privy of Union Dry Battery Corporation, the original New York plaintiff. This privity arises in two ways: (1) By order of the New York court Safety Seal Corporation was made a party to the New York suit about a month before the entry of the final decree in New York; and (2) it was the assignee of the patent nearly a year before the entry of that decree. The joint effect of these two acts undoubtedly brings Safety Seal Corporation within the doctrine of res judicata affecting parties and their privies. If a plaintiff can escape the consequences of an adverse judgment by assigning a patent to which a cause of action is appurtenant immediately preceding judgment, the whole administration of justice would be prejudiced, if not defeated.

Further, plaintiff denies identity of subject-matter in the two suits. It contends that the defendant's battery charged to infringe in this suit is different from the battery held not to infringe in the New York suit. To justify consideration of evidence of such difference the bill of complaint should aver it. Aside from any question of pleading, however, I find from an examination of the evidence that there is no difference, but, on the contrary, there is identity of subject-matter.

The bill of complaint must be dismissed.