## GOODYEAR TIRE & RUBBER CO. v. OVERMAN CUSHION TIRE CO., Inc., et al.

### No. 6197.

Circuit Court of Appeals, Sixth Circuit.
June 30, 1933.

F. O. Richey, of Cleveland, Ohio (R. H. Waters, of Akron, Ohio, and H. F. McNenny and Richey & Watts, all of Cleveland, Ohio, on the brief), for appellant.

Robert W. Byerly and D. A. Woodcock, both of New York City (Robert W. Byerly, of New York City, on the brief for Overman, and Watson, Bristol, Johnson & Leavenworth, of New York City, on the brief for Kelly-Springfield Tire Co.), for appellees.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

Decision of the present case is controlled by the decision in Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148, the issues of validity and infringement of appellee's patent No. 1,092,078, in suit, having been fully determined in litigation in the Second circuit against the sales subsidiary of the appellant. Overman Cushion Tire Co. v. Goodyear Tire & Rubber Co., Inc. (C. C. A.) 40 F.(2d) 460. Contention is made by the appellant that the issues and proofs as to infringement are not the same in the present case as in the case in the Second circuit, but an examination of the records in the two cases shows that both are concerned with the same commercially produced and commercially standardized tires of the appellant, known as its "Pneumatic Cushion" and its "Super-pneumatic Cushion" tires. It was in respect of these that infringement was decreed, and this question is now res judicata.

In supplemental proceedings, begun after appeal from the main decree below, permission was granted by this court to the District Court to hear a motion to amend the answer to the intervening petition of the Kelly-Springfield Tire Company and to entertain a petition for rehearing. Both the motion and the petition above mentioned were denied. In this action we find no abuse of discretion or other error now appealable to this court. After the accounting of profits and damages is concluded, it will be incumbent upon the District Court to determine, upon the record made by the evidence, to whom, or in what proportions, such damages and profits are payable. This will be a final decree from which any interested or prejudiced party may appeal, but the defendant below is not such an interested and prejudiced party, and appeal may not be prosecuted at this time by the plaintiff from a merely interlocutory denial of a motion to amend or a petition for rehearing not touching the matter of the interlocutory injunction.

The decree of the District Court is therefore affirmed.