## BERKE et al. v. UNITED PAPERBOARD CO., Inc.

District Court, S. D. New York.
Nov. 16, 1938.

---

[1] No opinion for publication.

Leon Kauffman, of New York City, for plaintiffs.

Ralph E. Slayton, of New York City, for defendant.

CONGER, District Judge.

This is an action for damages for the infringement of a patent right. The plaintiff Berke claims to be the owner of the patent and the plaintiff Weiner, an exclusive licensee. There were three motions argued here: (1) Motion by the defendant to modify the notice to take the deposition of the defendant through its President; (2) to dismiss the complaint as to the plaintiff Weiner; (3) motion by the plaintiff to amend the complaint. These motions will be considered together in the order set forth above.

(1) The motion to vacate or modify the notice of examination of the President of the defendant is denied. The defendant is entitled to the examination asked for. Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for an examination such as herein asked "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party * * *".

The matters upon which the plaintiff seeks to examine the defendant are not privileged, but they are relevant and material in view of the nature of the complaint and also in connection with the issue of damages.

The complaint is based upon the fact that the infringement as to this defendant is res judicata by reason of another action between the present plaintiffs and a corporation known as the Courtney Folding Box Corporation in which this same issue was tried and decided in favor of the plaintiffs. The contention of the plaintiff here is as shown by the complaint and as subsequently amended, which amendment will be allowed herein, that the Courtney Folding Box Corporation was the selling agent of the defendant; that there was privity between the defendant here and the said Courtney Folding Box Corporation; that the Courtney Folding Box Corporation is a subsidiary of the defendant here and that by reason of the close connection between the two corporations the judgment against the Courtney Folding Box Corporation is res judicata as to this defendant herein.

This, of course, is a matter of proof and it therefore becomes relevant and material to examine this defendant as to its relationship with the Courtney Folding Box Corporation.

Defendant objects to the said examination as to (1) relationship of the defendant herein with the Courtney Folding Box Corporation; (2) any examination as to the boxes involved in the prior action; and the manufacture and sale to the Courtney Folding Box Corporation.

As far as objection (2) is concerned, that is not tenable here because the examination in this particular is clearly relevant and material on the question of damages.

Objection (1) has been answered before. The Court feels that this examination is relevant and material and should be allowed because the complaint as to liability is based on res judicata and res judicata is based on the privity and close connection between this defendant and the Courtney Folding Box Corporation. The defendant claims that recovery having been had in the prior action, there can be no recovery in this action. However, the papers before the Court show a sharp issue. The plaintiff claims that the prior recovery was for sales made. The defendant claims that it was for manufacture and sale. The Court is unable to ascertain from the papers just which it was for. This is a matter for the trial court. The examination should be allowed by reason of the above. Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 6 Cir., 66 F.2d 81; Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 6 Cir., 95 F.2d 978.

414

(2) The defendant has moved to dismiss the complaint herein as to the plaintiff Weiner, on the ground that in the prior action (Berke and Weiner v. Courtney Folding Box Corporation[1]) the District Court found by Weiner's testimony that he was not an exclusive licensee and therefore not a proper plaintiff. Motion denied for the following reason: The complaint in this action alleges that Weiner, by an instrument in writing sometime prior to the commencement of this action, became, was and is the sole and exclusive licensee of the plaintiff Berke herein. This being denied in the answer, makes an issue of fact which can only be determined on a trial particularly in view of conflicting affidavits. As a matter of fact, in the aforesaid action in which the Courtney Corporation was a defendant, the final decree of the Court, dated January 14, 1938, among other things decreed that the complaint of David Weiner, acquired from Aaron Berke the sole and exclusive right and license to use, etc., hat boxes containing each and/or all of the improvements covered by the claims 1, 2, 7 and 8 of the letters patent.

(3) The motion of the plaintiffs to amend the complaint is granted. The amendment which the plaintiff asks is necessary in view of the nature and character of the action. Therefore, pursuant to Rule 15 of the Federal Rules of Civil Procedure, the amendment is allowed. Settle orders on notice.

---

[1] No opinion for publication.