José Facundo Cintrón, et als., Plaintiffs and Appellants, *v.* Yabucoa Sugar Co., Defendants and Appellees.

No. 7629. Argued April 8, 1938.—Decided March 21, 1939.

*Cayetano Coll Cuchí, Fernando Zapater, Francisco Parra Capó* and *Luciano Colón* for appellants. *González Fagundo & González Jr.* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

One of the fundamental questions in deciding the instant case is whether the defendant properly raised, among others, the defense of *res judicata.*

The district court decided that question in the affirmative and the plaintiffs appealed to this Court. Their brief has

eighty-nine pages, and that of the appellee one hundred and eighty-two. The opinion of the lower court is very extensive and the record has some six hundred pages.

The plaintiffs maintain that they are the owners of the property (*Hacienda*) "Laura", situated in Yabucoa, which property consists of four hundred and ninety one acres (*cuerdas*) of land, and establishments and machinery for the manufacture of sugar, and other properties which are also described, in spite of the fact that the defendant has been in possession thereof since 1912, under a title recorded in the Registry of Property, because the proceeding to foreclose the mortgage executed by their predecessors in interest in favor of the original predecessor in interest of the defendant and through which proceeding they were dispossessed of their said property, is null, among other things, because the demand for payment from the debtors was not made according to law.

The court, after a thorough trial, decided the question, as we have stated, against the plaintiffs. It arrived at the conclusion that although the debtors were not duly requested to pay within the foreclosure proceeding, said debtors, upon appearing to pray for certain relief, submitted themselves to the jurisdiction of the court; further arriving at the conclusion that even should that submission not exist, the truth was that the issue now raised should be considered *res judicata* and decided in other suit filed by themselves, and that the defendant was a third person, under the mortgage law, who had acquired by prescription title to the properties herein claimed, and the action now prosecuted having also prescribed.

By virtue of the study we have made of the record and the briefs, we are inclined to think that the grounds set forth support the judgment rendered, but in order not to delay any further the decision of this appeal, we shall consider in our opinion but the question of *res judicata*.

This suit was filed by José Facundo Cintrón y Cuadra, Margarita Cintrón y Cintrón, Elvira Dapena y Cintrón, Juan

Clavel and Luis José Antonio Cintrón y Clavel and René Cintrón Parra, as the only present members of the agricultural partnership Cintrón Hermanos, against the Yabucoa Sugar Company, a corporation organized under the laws of Puerto Rico.

It is alleged in the complaint that the properties in question were mortgaged by Cintrón Hermanos to the Banco Territorial y Agrícola in the year 1895, as security for ninety thousand Mexican dollars; that in order to collect its credit, the bank prayed for and secured the sale of the properties in public auction on May 19, 1906; that Cintrón Hermanos has been dissolved since June 30, 1901, because its term of existence matured and because of the death of its partners José Facundo Cintrón and Aurelio Dapena; that a demand for payment was not made from the association or its interested parties within the mortgage foreclosure proceeding that terminated in the adjudication, through which proceeding the sale was ordered and made, not only to recover the principal of the debt plus its interests, but also two thousand dollars for costs, a sum which was secured but unliquidated; that the auction was only advertised in the Boletín Mercantil of San Juan; that the true value of the properties auctioned was two hundred thousand dollars, having been assessed in the mortgage deed in $134,506, and sold later by the bank in one hundred thousand to Manuel Dueño, and were purchased by the defendant in 1912 for $213,109.51, and that the court ordered the sale of all the properties and not of the necessary part.

The prayer of the complaint reads as follows:

"1. To declare null the auction sale of the properties described in this complaint.

"2. To order the Yabucoa Sugar Company to revendicate said properties to the plaintiffs and to pay for all the fruits, rents and profits derived from the same since they were purchased, to the extent of $50,000 annually as a minimum.

"3. To mulct the defendants with costs, expenses, disbursements and attorneys fees."

It appears from the record that after the adjudication to the bank, the auction debtor, of the properties in question, Eulalia and Margarita Cintrón, partners in the agricultural partnership Cintrón Hermanos, and José Luis and José Cintrón, the sons of José Facundo Cintrón, deceased partner of said association, sued the Bank on April 28, 1903, requesting, among other things, the annulment of the adjudication.

The district court held as follows:

"We adjudge, that we should dismiss and we do deny the various prayers contained in the complaint, rendering judgment in favor of the bank, except in relation to the petition for the annulment of the second public sale, the subsequent proceedings and the order of award, which proceedings, we declare null, without any special taxation of costs."

Both parties appealed and this Court held thus:

"For the reasons stated, affirming the judgment appealed from by both parties in the points accepted, and reversing it as to the remainder, the summary execution or compulsory proceedings instituted in the District Court of Humacao by the Banco Territorial y Agrícola against the agricultural industrial company of Cintrón Hermanos, for the recovery of a mortgage debt, should be declared null from the point where the second sale was held in Guayama on March 17, 1903, and that the proceedings be brought back to the state in which they then were, and that the other prayers of the said firm formulated in its complaint be denied, without prejudice to the rights it may have with respect to the accounts of the administration of the 'Laura Central,' which the said bank is compelled to submit to said Cintrón Hermanos, dating from the date of the rendition of the last accounts produced, in accordance with the agreement of both parties contained in the public instrument of May 23, 1900, without any special taxation of costs in either instance."

The grounds for the judgment are set forth in an opinion delivered by the then Associate Justice Mr. Hernández and published in volume 9 of the Porto Rico Reports, pages 220 to 263. *Cintrón* v. *Banco Territorial y Agrícola,* 9 P.R.R. 220.

Again the district court took the case under consideration, and after the mortgaged property was again sold in public

auction on May 19, 1906, by adjudication to the creditor bank, Margarita and Eulalia Cintrón and the sons of Facundo again appeared before the District Court of San Juan and prayed for a judgment embodying the following relief:

"3. That the restitution of the Central Laura, and appurtenances claimed, be adjudged and ordered, and that the public sale of the estates which took place on May 19, 1906, be annulled and set aside, as also all the proceedings relating to said sale, award, and record thereof, in favor of the Banco Territorial y Agrícola de Puerto Rico."

The case came to us on appeal and this Supreme Court affirmed that part of the judgment appealed from that refused to annul the auction sale of May 19, 1906. The opinion was again delivered by Mr. Justice Hernández and appears in pages 495 to 525 of volume 15 of the Porto Rico Reports. Therein was transcribed the whole statement of facts admitted by the parties and approved on March 27, 1908, by the trial judge for the purposes of the appeal, who was the one who now, almost thirty one years later, delivers the instant opinion. *Cintrón et al. v. Banco Territorial y Agrícola,* 15 P.R.R. 495.

In our opinion, what has been stated is sufficient to conclude without any doubt that the case is *res judicata* and, consequently, that the trial court properly dismissed the complaint.

"In order that the presumption of the *res adjudicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such", reads the Civil Code, 1930 ed., sec. 1204, and herein all those circumstances concur.

It is insisted upon that in this trial a fundamental question is set forth which was not propounded in the others, that is, the want of a demand for payment made according to law. Admitting it to be so, still the judgment is correct

because said error could have and should have been brought up when suit was filed to recover the lands now claimed because they were acquired by virtue of a mortgage foreclosure proceeding null and void.

In the case of *Catholic Church* v. *Municipality of Bayamón*, 27 P.R.R. 789, 792, this Court held:

"This question of the *res judicata* has been carefully considered by this court and decided in many instances. In *González* v. *Méndez et al.*, 15 P.R.R. 682, the following rule was established and is applicable to this case.

" 'Where the annulment of a conveyance of the property of her minor daughter is sought by a mother by reason of the fact that she was without judicial authorization to make the conveyance, and in another action the annulment thereof is sought on the ground that the mother did not have the *patria potestas* of her daughter, the object of both actions being to recover an inheritance and annul a deed of conveyance, there exists an identity of actions which goes to constitute *res judicata*.

" 'The identity of actions necessary to the existence of *res judicata* is present, although the grounds or reasons for the annnulment of the conveyance alleged in such actions are different, when the object of such actions is the same. (Judgment of the Supreme Court of Spain, March 14, 1898.)'

"In this case there are no new facts which have arisen since the first judgment was rendered. From the outset the plaintiff was in a position to base its action on the exact theory of the second complaint. It had the opportunity which is allowed to all citizens. It had its 'day in court.' If by mistaking its remedy rather than by a failure of justice it has lost a right, the fault is its own. A repetition of actions can not be permitted in such circumstances. Speaking for the court, Mr. Justice Figueras said in the case above cited:

" 'This cannot be admitted because a stable and serious state of right could never be established because the party obtaining a final judgment in his favor would find himself involved in litigation as often as different reasons could be found by a fertile imagination, although known when the first action was brought.'

"See also the decisions of this court in the following cases: *Quintero* v. *Morales*, 25 P.R.R. 109; *Vega et al.* v. *Rodríguez et al.*, 21 P.R.R. 318; *Hernández* v. *Arán et al.*, 20 P.R.R. 50; *Orama et al.* v. *Oyanguren*, 19 P.R.R. 788; *Ninlliat* v. *Suriñach et al.*, 18 P.R.R.

193; *Calaf et al.* v. *Calaf,* 17 P.R.R. 185, and that of the Supreme Court of the United States in *Calaf y Fugurul* v. *Calaf y Rivera,* 232 U. S. 371, 374.''

The doctrine of *res judicata,* said the Supreme Court of the United States in the case of *Hart Steel Company et al.* v. *Railroad Supply Company,* 244 U. S. 294, 299, through Mr. Associate Justice Clarke, ''is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect. *Kessler* v. *Eldred,* supra.''

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice De Jesús took no part in the decision of this case.