### CHRYSLER CORP. v. HEIN.
### No. 14282.

United States Court of Appeals,
Ninth Circuit.
July 14, 1954.

Bogle, Bogle & Gates, Orlo B. Kellogg, Seattle, Wash., for appellant.

Peyser, Cartano, Botzer & Chapman, Seattle, Wash., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

PER CURIAM.

The United States District Court for the Western District of Washington rendered a judgment in favor of appellee Hein against appellant Chrysler Corpora-

tion for breach of contract. Chrysler appealed therefrom and that appeal is now pending in this court.

Subsequent to the rendition of the judgment in said United States District Court, Chrysler obtained a favorable judgment in a suit for tortious interference with business relations brought by Hein in the Superior Court of the State of Washington. Hein has appealed that judgment to the Supreme Court of the State of Washington, which appeal is now pending.

Appellant Chrysler asks this court to notice the judgment of the state court and enter judgment in its favor or, in the alternative, to remand the case to the United States District Court for appropriate relief on the ground that the breach of contract issue was litigated in both suits and the judgment of the state court, being later in time, the rule that where two conflicting judgments exist, the one later in time controls.

Appellant has not accepted the judgment of the District Court as final. It inconsistently challenges the validity of the federal judgment by appealing and at the same time claims its benefits by contending that it conflicts with the state court judgment. It would seem that in order to rely on the federal judgment as being inconsistent with the state judgment, appellant should dismiss its appeal and raise that question if and when an attempt is made to enforce the federal judgment. Restatement, Judgments § 42 (1942); Freeman on Judgments § 629 (5th Ed. 1925). We are not aware of any procedure which sanctions the interjection of the defense of conflicting judgments by an appellant in the course of an appeal from the very judgment said to be in conflict with the second judgment. So long as appellant challenges the District Court judgment, orderly procedure demands that we do not pause at this juncture and give effect to a judgment which may be reversed by the Supreme Court of the State of Washington. It is possible that one or both of the existing judgments may be reversed when heard on the merits.

Two cases involving a question similar to the one presented here have been called to our attention. The case of Nachod & United States Signal Co. v. Helvering, 6 Cir., 1934, 74 F.2d 164, is most nearly in point. In that case, while an appeal was pending from a decision of the Board of Tax Appeals, the Court of Appeals for the Sixth Circuit denied a motion for affirmance of the appealed judgments made on the ground that a subsequent final decision of the Board of Tax Appeals involving the same parties and issues was determinative of the prior case. The Court of Appeals observed that the reasons of public policy underlying the doctrine of res judicata were not applicable where the litigation was not yet at an end. The instant case presents an even stronger case since both judgments are pending on appeal, whereas in the Nachod case the second judgment had become final because no petition for review was filed.

The case of Hart Steel Co. v. Railroad Supply Co., 1917, 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148, is distinguishable. Two identical decrees had been entered by two United States District Courts. The appeal from one judgment had been heard and determined by the Court of Appeals for the Sixth Circuit. Thereafter a motion was made in the Court of Appeals for the Seventh Circuit to affirm the decision of the District Court in its circuit on the ground that the matter had been finally determined and adjudicated by the Sixth Circuit, a court of coordinate jurisdiction. The Supreme Court held that the motion should have been granted. In the instant case the two trial court judgments are not identical but are inconsistent, the appeals are not pending in courts of coordinate jurisdiction, and neither appeal has as yet been heard or determined.

Motion denied.