**MANVILLE BOILER CO., Inc.**

v.

**COLUMBIA BOILER COMPANY OF POTTSTOWN, Inc.; Harriet I. Boarman and Provident Tradesmens Bank and Trust Company, as Executors of the Last Will of Frank I. Boarman, Deceased; and Harry J. Loughney.**

**Civ. A. No. 26907.**

United States District Court
E. D. Pennsylvania.

April 12, 1962.

See also 204 F.Supp. 392.

———◆———

Robert H. Young, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

C. Edmund Wells, Pottstown, Pa., for defendants.

VAN DUSEN, District Judge.

This action is one based on alleged patent infringement and a claim of unfair competition. Plaintiff filed a Motion For Summary Judgment or, in the Alternative, For a Separate Trial on the issue of res judicata (see Document No. 42), its position being that the issues of validity and infringement here involved have been finally determined in its favor as between the parties by the decision in Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, 269 F.2d 600 (4th Cir. 1959), cert. den. 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959).

After hearing on the Motion For Summary Judgment, a Memorandum was filed 204 F.Supp. 385 (Document No. 59), which set forth the facts surrounding the Fourth Circuit case and analyzed the facts of record in light of the applicable legal principles. Although the Memorandum stated "It appears to the court that this case may well be one in which 'Public Policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties' " (citing Caterpillar Tractor Co. v. International Harvester Co., 120 F.2d 82, 84 (3rd Cir. 1941)), it was determined that the record consisted of affidavits which did not cover all the factual material bearing on the issue of control of the litigation in the Virginia Federal Court. A Pre-Trial Order (Document No. 58) was entered which scheduled a trial limited to the issue of the control of that litigation, including appeals.[1]

A trial on the issue of control of the prior litigation was held in February 1962. Plaintiff's case consisted of the testimony of Stanton T. Lawrence, Jr.,

---

1. The Memorandum did not discuss the applicability of cases such as Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917); Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 66 F.2d 81 (6th Cir. 1933); and Van Brode Milling Co. v. Kellogg Co., 113 F.Supp. 845 (D.Del. 1953). It was stated in the Memorandum that the determination of the issue of control of the prior proceedings may make it unnecessary to decide the applicability of those cases. See order to be filed later today.

Esq., who was trial attorney for plaintiff in the prior proceeding, and certain exhibits, which have been marked P-1 to P-11. Defendants introduced into evidence certain exhibits, D-1 to 3 and D-5 to 11, and had Zachary T. Wobensmith, 2d, Esq. testify on their behalf.

An examination of the record (including the notes of testimony taken at the limited trial (Document No. 60) and the exhibits) has convinced the undersigned that plaintiff has not proven its contentions that the defendants controlled the action in the Virginia court and are, therefore, bound by the decision rendered in that case.

Mr. Wobensmith represented both the Virginia and Pennsylvania corporations in the Virginia trial, having been asked to defend the actions by Mr. Frank Boarman.[2] Mr. Wobensmith later discussed the case with Robert Boarman, John Meade and Robert Flora. Mr. Flora was president of the Virginia corporation and Messrs. Boarman and John Meade were officers in both corporations (N.T. 32–33). Mr. Wobensmith was given no instructions at the time he was retained except that he was to defend the case for both corporations. There was no direction that he was to favor one corporation against the other (N.T. 33). Mr. Wobensmith used as local counsel the firm which usually handled the affairs of the Virginia corporation.[3] Mr. Wobensmith did not advise local Virginia counsel as to which corporation was controlling the defense.

During the trial of the case, the only instructions received by Mr. Wobensmith concerned the Petition For Writ of Prohibition or Mandamus, which was brought in the Court of Appeals for the Fourth Circuit after a motion (filed by Columbia-Pottstown) to strike the writ of service and to dismiss on the ground of lack of venue was denied in the District Court. Columbia-Pottstown contends that its primary position in the Virginia Federal Court litigation was that venue was improper as to it (see footnote 4 below, setting forth history of its Motion to Dismiss for Improper Venue filed June 8, 1954).

When asked during the trial on the issue of control "Who was in charge of the defense?", Mr. Wobensmith replied, "I was" (N.T. 36). He attempted to explain his statements on the issue of control which were made at the time of the Virginia action (see P-4) by saying:

"I don't think that the import of the questions was even very clear to me at that time, and certainly as far as any actual control was concerned, I cannot now nor could I then have said that either company was in control of the litigation to the exclusion of the other, or in any respects that would say that I should favor one over another." (N.T. 38–39).

Letters marked D-7 and D-9 refer to an offer which was made by Manville's attorney in January 1955, prior to argument on the Motion To Dismiss filed by the Pennsylvania corporation, that the parties agree that the Pennsylvania corporation was conducting, paying for, and controlling the litigation so that all matters could be disposed of in the Virginia action. This agreement was refused by Mr. Wobensmith (N.T. 39–42).

The District Court entered an opinion stating that the patents were invalid and not infringed, and that the Pennsylvania corporation was not properly before the court because of lack of venue. The Court of Appeals reversed as to validity and infringement, but affirmed the findings of lack of venue as to the Pennsylvania corporation. A petition for a writ of certiorari was filed by Ralph Hudson, of the District of Columbia Bar. Mr. Wobensmith's name was on it but, at the time, he was not a member of the Bar of

2. Before suit was started, Frank Boarman asked Mr. Wobensmith to get a copy of the patent, and infringement notice having come to his attention (N. T. 31–32).

3. The firm was not the one to which Mr. Wobensmith usually referred Virginia actions (N. T. 50). Mr. Wobensmith did not retain the local Virginia counsel, but suggested that he be employed.

the Supreme Court and testified that he took only a perfunctory part in its preparation by seeing that Mr. Hudson had whatever papers he needed (N.T. 37). Mr. Wobensmith, however, urged that the petition be filed and received no instructions or approval from anyone before it was filed, as he stated he had carte blanche as far as this suit was concerned and had instructions at the outset to defend the case to the utmost (N.T. 37–38).

Mr. Wobensmith billed both the Virginia and Pennsylvania corporations according to his own determination of the percentages they should pay (see affidavit of Mr. Wobensmith, Document No. 47, and N.T. 56–57). The bills (which have been marked D-10 and D-11) indicate that a far greater percentage was paid by the Pennsylvania corporation.[4] There was only one bill to the Virginia corporation concerning the Petition For Writ of Certiorari, covering a collect telegram from the Clerk of the Supreme Court and services including briefs and forwarding information (N.T. 44).

Services in connection with the deposition of witnesses for the defendants were all billed to the Pennsylvania corporation, including those for the deposition of Robert Boarman, the principal witness for defendants, and for the deposition of Robert Flora, the president of the Virginia corporation.[5]

Even with all the evidence on the record concerning the participation of the Pennsylvania corporation in the Virginia action, it is not believed that plaintiff has met its burden of proving that the action against the Virginia corporation was controlled by the Pennsylvania corporation to such an extent that the doctrine of res judicata should apply in the peculiar circumstances of this case. It has been stated that "While the mere payment of counsel fees or participation in a trial by one not a named party to it would not alone be sufficient * * * the extent and nature of that participation may completely alter the consequences." Bros., Incorporated v. W. E. Grace Manufacturing Co., 261 F.2d 428, 430 (5th Cir. 1958). An important consideration is that the manufacturing corporation was an enforced party to this suit until August 14, 1958, when the final judgment on venue was rendered by the Virginia District Court, and that it was necessary for it to defend this ruling in the Court of Appeals for the Fourth Circuit. Also, Mr. Wobensmith has categorically denied any agreement regarding control, billing or favoring of one cor-

---

4. Not only was a far greater percentage paid by Pottstown, but D-10, the bills sent to the Virginia corporation, shows that after two bills in the total amount of $285. were rendered to the Virginia corporation in June 1954, there were no other bills sent concerning the litigation until October 31, 1959, five months after the Court of Appeals decision on the invalidity of the patent. P-10 shows a payment made by the Virginia corporation to Mr. Wobensmith on October 2, 1959, but no bill for same is contained in D-10. Mr. Wobensmith stated that some of the billing concerned the Motion To Dismiss and appeal therefrom, which was the concern solely of the Pennsylvania corporation. This is correct, as is seen from the bills. However, the Motion was filed June 8, 1954, argument heard January 12, 1955, and the District Court's denial of the motion was filed April 13, 1955. The Circuit Court's decision refusing the Petition for Prohibition or Mandamus was rendered on May 25, 1955. Between May 25, 1955, and October 31, 1959, no bills were sent to the Virginia corporation, although the Pennsylvania corporation was charged for services such as preparation for trial, trial time, arguments etc. Columbia-Virginia made two payments to C. Edmund Wells, Esq. prior to July 25, 1959, one payment to Hunton, Williams, Gay and Moore, and none to Mr. Hudson before July 19, 1959 (see P-10).

5. Part of Mr. Flora's deposition has been marked as plaintiff's Exhibit P-6. The entire deposition has been marked as defendants' Exhibit D-2. It is noted that Mr. Wobensmith is stated as being the representative of "Columbia Boiler Co., Inc., a defendant" (Columbia-Virginia), but that Mr. Wobensmith billed the Pottstown corporation for his appearance at the deposition. See bill of January 31, 1955, contained in D-11.

poration as against the other.[6] Plaintiff has not shown that Columbia-Pottstown directed the action concerning Columbia-Virginia; in fact, the only direction which appears to have been given on behalf of Columbia-Pottstown during the entire litigation was one decision which concerned only the case against Columbia-Pottstown.[7]

Under the peculiar circumstances with which the court is confronted in this case,[8] it must be found that Mr. Wobensmith's decision to render virtually all bills to Columbia-Pottstown prior to October 1959 and the other proven facts are insufficient to hold that Columbia-Pottstown so controlled the litigation that the doctrine of res judicata or collateral estoppel should apply. The plaintiff has not sustained its burden of proof on this issue of control, which is a very close question on this record.

## ORDER

AND NOW, April 12, 1962, IT IS ADJUDGED that the defendants in the above action did not separately, or in cooperation with others, control the litigation against Columbia Boiler Co., Inc., in the United States District Court for the Eastern District of Virginia, docketed under C.A.1964, in the United States Court of Appeals for the Fourth Circuit docketed under No. 7768 (see Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, 269 F.2d 600 (4th Cir. 1959)), and in the Supreme Court of the United States docketed under No. 428, October Term 1959 (see Columbia Boiler Co., Inc. v. Manville Boiler Co., Inc., 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959)), and IT IS ORDERED that judgment shall be entered for the defendants on the above issue of control.

6. Mr. Wobensmith has stated that if a conflict had arisen between the interests of Columbia-Pottstown and Columbia-Virginia, he would not only have withdrawn as counsel for one party but would have withdrawn from the case altogether (N. T. 75–76).

7. This decision related to the filing of the Petition for Writ of Mandamus or Prohibition. See footnote 4 above.

8. In addition to the foregoing specifically stated facts, paragraphs 1–10 and 16 of plaintiff's Requests for Findings of Fact (Document No. 62) and paragraphs 1–3, 8, 14 and 16 of defendants' Requests for Findings of Fact (Document No. 61) are accepted as facts established by the record. All other requests, insofar as they are inconsistent with the foregoing, are denied.