**MANVILLE BOILER CO., Inc.**

v.

**COLUMBIA BOILER COMPANY OF POTTSTOWN, Inc.; Harriet I. Boarman and Provident Tradesmens Bank and Trust Company, as Executors of the Last Will of Frank I. Boarman, Deceased; and Harry J. Loughney.**

Civ. A. No. 26907.

United States District Court
E. D. Pennsylvania.
April 12, 1962.

Robert H. Young, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

C. Edmund Wells, Pottstown, Pa., for defendants.

VAN DUSEN, District Judge.

AND NOW, April 12, 1962, after consideration of the foregoing Motion, the briefs of counsel (Documents Nos. 55, 56 and 57), and the record, IT IS ORDERED that plaintiff's Motion For Summary Judgment (Document No. 42) is DENIED.

This Motion has been previously discussed in a Memorandum filed January 23, 1962, 204 F.Supp. 385 (Document No. 59). It has been determined by Order filed this day, 204 F.Supp. 389, on the issue of alleged control by defendants of Civil Action No. 1964 in the United States District Court for the Eastern District of Virginia, that the defendants are not bound by the decision in Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, 269 F.2d 600 (4th Cir. 1959). This court has further examined the authorities cited to it by plaintiff for its position that, regardless of control, res judicata should apply because defendants are in privity with Columbia-Virginia.[1]

It is plaintiff's contention that the corporations are so closely connected that they are in actuality one operation and should be treated as such. Although there is little doubt that Columbia-Virginia and Columbia-Pottstown are close corporations,[2] the record does not justify piercing the corporate veil which was preserved by the Court of Appeals for the Fourth Circuit.[3] The authorities to which plaintiff has referred the court on this point do not contain facts which are sufficiently similar to those which are found in this record. Although it is not decisive, it is noted that Columbia-Virginia and Columbia-Pottstown did not have the parent-subsidiary relationship which was involved in the cases cited by plaintiff.[4] Also, the record here does not indicate that Columbia-Virginia engaged exclusively in selling Pottstown's products.[5] Although the manner of Mr. Wobensmith's billing for his services may well indicate that he considered the two corporations to be part of one organization, there is no evidence that the books and records of the corporations were not segregated and that the parties controlling them did not treat

---

1. At the time the Memorandum (Document No. 59) was filed, these cases were not discussed.

2. For a recital of facts concerning the closeness of the relationship between them, see pp. 3–4 of the Memorandum of January 23, 1962 (Document No. 59).

3. See Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, supra, at p. 606.

4. See Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L. Ed. 1148 (1917); cf. Bruszewski v. United States, 181 F.2d 419 (3rd Cir. 1950).

5. See, e. g., deposition of R. D. Flora, pp. 34–37 (Exhibit P-6). In discussing the issue of privity, the Supreme Court stated in the Hart case, supra, 244 U.S. at p. 298, 37 S.Ct. at p. 507:
"There can be no doubt from the record before us that the Elyria Company owned all of the capital stock of the Hart Company, that the latter company was a mere sales agent of the former, that Wood was the salaried manager of the latter, that both the Hart Company and Wood were agents subject to the control of the Elyria Company and that in selling the tieplates and as defendants in the litigation they acted wholly under the authority and in the interest of their principal. Identity of interest could not be clearer or closer than it was between the defendants in the two cases,—they represented precisely the same, single interest, and the Hart Company and Wood as agents of the Elyria Company were obviously and necessarily privies to the judgment rendered in its favor in the Circuit Court of Appeals for the Sixth Circuit."
The record here is certainly not as strong as that presented in Hart.

them separately. If the rule of such cases as the Hart case, supra [cf. Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925)], is to be expanded to this situation, such action should be taken on the basis of a record made after a trial, rather than on a Motion For Summary Judgment.