806 F.2d 14
 123 L.R.R.M. (BNA) 3108
 BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES, Plaintiff-Appellee,
v.
ST. JOHNSBURY & LAMOILLE COUNTY RAILROAD/M.P.S. ASSOCIATES,
INC.; St. Johnsbury and Lamoille County Railroad, Inc.;
State of Vermont/Vermont Public Service Board/Vermont
Transportation Authority; Wabash Valley Railroad Company;
and Lamoille Valley Railroad Company, Defendants,
Appeal of STATE OF VERMONT/Vermont Public Service
Board/Vermont Transportation Authority,
Defendants-Appellants.
 No. 1070, Docket 86-7079.
 United States Court of Appeals,
Second Circuit.
 On Rehearing Nov. 18, 1986.
 
 Samuel H. Press, Samuelson, Portnow & Little, Burlington, Vt., for St. Johnsbury and Lamoille County Railroad, Inc.
 John A. Edmond, Guerrieri & Sweeney, Washington, D.C., for Brotherhood of Maintenance of Way Employees.
 Before VAN GRAAFEILAND, WINTER, and MINER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 In our earlier decision, 794 F.2d 816 (2d Cir.1986), familiarity with which is assumed, we remanded the matter with instructions to vacate the judgment against the State of Vermont (the "State") and to enter judgment against defendant St. Johnsbury & Lamoille County Railroad, Inc. ("St. Johnsbury Railway")[1] in the amount of the National Railroad Adjustment Board's ("NRAB") award. St. Johnsbury Railway has petitioned for rehearing. For the reasons stated below, we grant the petition and vacate the order directing entry of judgment against St. Johnsbury Railway.
 
 
 2
 A brief review of earlier proceedings is necessary. In April 1985, the Brotherhood of Maintenance of Way Employees ("BMWE") brought an action in the District of Vermont seeking enforcement of a 1984 NRAB award against St. Johnsbury Railway and various other parties, including the State of Vermont. The BMWE moved for summary judgment against all defendants, and the State of Vermont and St. Johnsbury Railway moved for summary judgment against BMWE. On October 11, 1985, the district court granted St. Johnsbury Railway's motion, denied the State's motion, and granted BMWE's motion only "with respect to defendant State of Vermont with regard to the issue of liability to pay the NRAB awards." On December 20, 1985, the district court entered judgment against the State pursuant to a stipulated amount due each claimant.
 
 
 3
 On January 15, 1986, the State appealed from the grant of summary judgment against it. BMWE neither appealed nor cross-appealed from the grant of summary judgment to St. Johnsbury Railway. A letter submitted to this court by counsel for the State and St. Johnsbury Railway made clear that the State's appeal did not involve the grant of summary judgment to St. Johnsbury Railway. The letter, which was sent to all counsel, stated:
 
 
 4
 Appellants State of Vermont/Vermont Public Service Board/Vermont Transportation Authority ("State of Vermont") do not appeal from the following orders of the district court:
 
 
 5
 (1) Denial of the motion for summary judgment by plaintiff-appellee Brotherhood of Maintenance of Way Employees ("BMWE") against defendant St. Johnsbury and Lamoille County Railroad, Inc. ("S.J. & L.C."); and
 
 
 6
 (2) Granting of the motion for summary judgment by St.J. & L.C. against BMWE.
 
 
 7
 St. Johnsbury Railway was not a party to the appeal, and neither the State nor BMWE briefed or argued the merits of the grant of summary judgment to St. Johnsbury Railway.
 
 
 8
 On petition for rehearing, St. Johnsbury Railway now argues that BMWE's failure to cross-appeal deprived us of jurisdiction to modify the district court's judgment by directing the entry of judgment against St. Johnsbury Railway. We agree.
 
 The well-established rule is that
 
 9
 the failure of an appellee to file a notice of appeal from portions of the judgment adverse to him precludes the alteration of the judgment in his favor, though reversal of the judgment as applied to the appealing party may leave the final disposition of the case internally inconsistent.
 
 
 10
 * * *
 
 
 11
 The same is true when the plaintiff prevails against one defendant and his claim against another is dismissed, and the unsuccessful defendant appeals. If the appellee wishes to upset the dismissal he must file a timely notice of appeal. Otherwise it is res judicata. Thus the rights of a party under a judgment cannot be disturbed except on appeal by a party aggrieved.
 
 
 12
 9 Moore's Federal Practice p 204.11, at 4-54 (1986). Zapico v. Bucyrus-Erie Co., 579 F.2d 714 (2d Cir.1978), is controlling. In that case, the plaintiffs obtained a judgment against the defendant, while the defendant obtained a judgment against a third-party defendant indemnitor. The defendant failed to appeal or cross-appeal from the portion of the judgment in favor of plaintiffs. As a result, it was prevented from raising on the third-party defendant's appeal "a claim that the plaintiffs' unappealed judgments against it should be reduced." 579 F.2d at 725. Judge Friendly wrote for the court that the defendant's "failure to cross-appeal precludes us from considering any proposals that would reduce the amount of plaintiffs' judgments even if we were otherwise persuaded to do so." Id. at 726. Because BMWE did not appeal or cross-appeal from the judgment in favor of St. Johnsbury Railway, we are precluded from modifying the judgment in a way that would be adverse to St. Johnsbury Railway.
 
 
 13
 BMWE argues that the rule that a non-appealing party may not benefit from alteration of the judgment in its favor is merely one "of practice" that can be waived in the interests of justice if the circumstances so require. That argument misstates the applicable rule. The rights under a judgment of a party not before the court may not be upset unless the aggrieved party has appealed. The rule does not exist primarily to punish a non-appealing party for its failure to exhaust avenues of appeal, but to allow beneficiaries of a final judgment to be secure in their rights under that judgment unless the judgment is timely challenged on appeal and the beneficiary of the judgment is given the opportunity to defend the judgment against attack. Any other result would violate the principles of finality and due process. As the Supreme Court has recently held, " '[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the courts....' " Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) (quoting Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299, 37 S.Ct. 506, 508, 61 L.Ed. 1148 (1917)).
 
 
 14
 As a result, the cases cited by BMWE are not applicable to this case. Those cases did involve the award of relief to a non-appealing party. However, in each, the court merely allowed a non-appealing party to benefit from relief awarded to an appealing party with parallel or coterminous interests against an appellee that was before the court. Consequently, the principles of finality and due process that underlie the rule stated above were not implicated.
 
 
 15
 For example, in Hysell v. Iowa Public Service Co., 559 F.2d 468 (8th Cir.1977), the district court entered judgment for plaintiffs against two defendants and held that one defendant, Sioux City, was entitled to indemnification from the other, Iowa Public Service. Iowa Public Service appealed, and the judgment was vacated. Sioux City did not appeal. On remand, a new judgment for the same amount was entered, and both defendants appealed. On the second appeal, the Eighth Circuit affirmed in all respects except the award of post-judgment interest, which it held should not have been computed from the date of the now-vacated first judgment. Although Sioux City had not appealed the first judgment, the court nevertheless allowed it to benefit from the vacation of that judgment achieved by the appealing defendant, as against the appellee plaintiff. Also, in In re Barnett, 124 F.2d 1005 (2d Cir.1942), this court allowed two nonappealing defendants to benefit from a reversal of the judgment in favor of one appealing defendant as against a plaintiff who was before the court as appellee.
 
 
 16
 In the present case, BMWE is not seeking to benefit from a judgment achieved by another appealing party against a party before the court as an appellee. Rather BMWE seeks relief against a party that is not before the court. As a result, we are precluded from reversing the grant of summary judgment in St. Johnsbury Railway's favor.
 
 
 17
 Consequently, we grant St. Johnsbury Railway's petition for rehearing and to vacate the portion of our decision directing the district court to "enforce the Board's award and enter judgment for the amount of the award against St. Johnsbury Railway." 794 F.2d at 820.
 
 VAN GRAAFEILAND, Circuit Judge, dissenting:
 
 18
 I regret that my colleagues feel compelled to reach a decision that is so obviously unjust to a group of railroad laborers who have waited patiently for more than a decade to receive back pay clearly due them but who now will receive nothing. At issue herein is judicial review of an order of the National Railroad Adjustment Board, which is "among the narrowest known to the law." Henry v. Delta Airlines, 759 F.2d 870, 871 (11th Cir.1985) (quoting Diamond v. Terminal Railway Alabama State Docks, 421 F.2d 228, 233 (5th Cir.1970)); see Union Pacific R.R. v. Sheehan, 439 U.S. 89, 93-94, 99 S.Ct. 399, 402-03, 58 L.Ed.2d 354 (1978).
 
 
 19
 The Board twice made an award against the St. Johnsbury Railroad, but complicated the second award by adding the phrase "as owned at the time by the State of Vermont." Since there was no such ownership, the quoted phrase was meaningless. When the State appealed the judgment erroneously entered against it, we considered the choice for which my colleagues now opt, i.e., simple reversal. We decided against it, because it would leave the order of the Adjustment Board permanently in limbo. The alternatives were to either return the matter once again to the Board or to order enforcement of the existing award against the St. Johnsbury Railroad. Because we saw no reason to expect that the Board would not make a third award against St. Johnsbury, as it had the first two, we decided to bring this eleven-year-old matter to a close by ordering the district court to enter judgment against St. Johnsbury in accordance with the meaningful provisions of the existing award.
 
 
 20
 When St. Johnsbury petitioned for rehearing, it asked for relief in the alternative, one of the alternatives being to "grant leave to St. Johnsbury Railway to appear, submit briefs and argue on the question of its liability to the Brotherhood." Although the likelihood of an effective challenge to the Board's decision seemed most remote, the writer was perfectly willing to grant the foregoing relief, since it would give the Railroad "its day" in our Court and would be in keeping with the intent of 45 U.S.C. Sec. 153 that the Adjustment Board's orders be judicially enforced. Because my colleagues rejected this alternative, with the inevitable result that the unpaid workers remain unpaid, I dissent.
 
 
 
 [1]
 The name "St. Johnsbury Railway" is used in accordance with our original opinion in this case. See 794 F.2d at 817 n. 1