[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re Motion to Strike
The amended complaint in this case is in six counts, alleging, respectively, assault, intentional infliction of emotional distress, violation of the right to privacy, violation of the Connecticut Unfair Trade Practices Act (CUTPA), battery and negligent infliction of emotional distress. The defendant now moves to strike counts three and four, the violation of right to privacy and CUTPA counts.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any compliant . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210. 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A CT Page 6227 motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
The third count, in a previous incarnation, was the subject of a motion to strike heard by Judge Hodgson in July of this year. At that time, the count alleged that the defendant had violated the plaintiff's constitutional right to privacy. At oral argument, the plaintiff acknowledged that he was not claiming a constitutional right to privacy, and, contending that the use of the word "constitutional" was a typographical error, he orally withdrew that word from the third count of the complaint. With that understanding, Judge Hodgson denied the motion to strike as to that count.
In repleading the third count, however, the plaintiff was not content to recite the same language as in his original complaint, minus the word "constitutional." Rather, he has substituted the phrase "common law" for the deleted "constitutional." We nevertheless contends that the addition of the words "common law" add nothing new to a count which alleges a violation of the right to privacy without any qualifying words or phrases and that the defendant, having had his original motion to strike denied, is barred by the doctrine of res judicata from arguing it again.
Neither party having suggested any basis for concluding that a claim of violation of the right to privacy is any different from a claim of violation of the common law right to privacy, the plaintiff is correct in contending that, having had his motion to strike denied as to this count, he may not renew it. "Our rules of res judicata are based on the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." Duhaime v. American Reserve LifeIns. Co., 200 Conn. 360, 363-364, 511 A.2d 33 (1986). Res judicata is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts. Hart Steel Co. v. RailroadSupply Co., 244 U.S. 299, 37 S.Ct. 506, 507, 61 L.Ed 1148 (1917). Its purposes include promoting judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system and providing repose by preventing one from being harassed by vexatious litigation. State v. Ellis, 197 Conn. 436, 466, 497 A.2d 974
(1987). CT Page 6228
Moreover, the facts alleged in support of the right to privacy count do state a claim upon which relief may be granted as a matter of law. The parties agree that in order to prevail, the facts alleged would have to establish "unreasonable intrusion upon the seclusion of another". Venturi v. Savitt, Inc.,199 Conn. 588-591 (1983). To do this, the plaintiff must demonstrate an invasion of his privacy interests that is highly offensive to a reasonable person. Prulose v. Pfizer, Inc., 192 Conn. Sup. 5456-5459 (June 24, 1992, Hurley, J.).
The allegations in this case are that the defendant entered upon the plaintiff's place of business. Present were the plaintiff, an employee, and several customers. The defendant, following a telephone conversation characterized by the plaintiff as "unpleasant", walked in, approached the plaintiff, lifted his hairpiece off his head and threw it across the room in full view of the employee and customers. In his brief and in oral argument, the defendant attempted to trivialize this alleged event by blithely terming it a "toupee toss". Construing the evidence in the light most favorable to the plaintiff, however, this court cannot conclude that the plaintiff, who contends that the conduct was highly offensive and personally humiliating, has not stated a claim upon which relief may be granted as a matter of law. Therefore, for both of the reasons advanced by the plaintiff, the motion to strike the third count is denied.
Count four claims a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 et seq., and in support thereof alleges a few facts which do not quite add up to the conclusion that the defendant was engaged in the conduct of trade or commerce at the time of his alleged actions. For example, in paragraph 2 of count one, incorporated by reference into the CUTPA count the plaintiff alleges that the "unpleasant" telephone conversation dealt with the use of a parking lot by the defendant's tenants. In paragraph 6 of count four, he alleges that the defendant was "manager of the rental units at 3 Hall Avenue, Wallingford, and his actions were directly connected to his position." Nowhere else in the complaint is there reference to 3 Hall Avenue, and the reader is called upon to make several leaps of faith in order to conclude that the defendant's alleged assault on the plaintiff was related to his being engaged in trade or commerce. Although, in deciding a motion to strike, the complaint is to be construed in the light most favorable to the plaintiff, that construction does not include making assumptions CT Page 6229 based on leaps of faith. The motion to strike the fourth count is therefore granted.
In summary, the motion to strike the third count, alleging invasion of the right of privacy is denied; the motion to strike the fourth count, alleging a violation of the Connecticut Unfair Trade Practices Act, is granted.
Silbert, J.