DECISION
This matter came before the full Court on March 31, 2007 for Oral Argument.[1] Associate Justice Mark D. Butterfield, Associate Justice Dennis Funmaker, Sr. and Chief Justice Mary Jo B. Hunter heard the matter. Counsel for the Appellant, Gary Montana and Counsel for the Appel-lees, Alysia LaCounte.
Case Summary
This is an appeal based upon undisputed facts according to both parties. The case is on appeal from the Order (Denying Plaintiffs Motion for Summary Judgment) filed by the Trial Court on September 11, 2006. The Appellant timely filed her Notice of Appeal on November 13, 2006.[2] The Court issued a Scheduling Order on December 21, 2006 and allowed for the case to be briefed by the parties. Oral Argument were held on March 31, 2007.
This is an appeal of an employment case. The Appellant, Joyce Warner, was demoted on May 23, 2004 from her position as the Executive Director of DeJope Bingo. Ms. Warner was informed of her demotion *58 by her supervisor, Ona Garvin, by a telephone call. In addition, Ms. Warner was mailed an Employee Status Change Form (ESCF) delineating her demotion. A copy of the ESCF is a part of the Trial Court Record.
Ms. Warner filed an employee Level 1 Grievance on May 27, 2004. Although Ms. Garvin did not respond, the record indicates that the grievance was filed with another individual who became Ms. Warner’s supervisor after the demotion.
Subsequently, Ms. Warner filed a Level 2 Grievance with James Webster who was the Director of Business. Mr. Webster did file a response which was alleged to be untimely as it was received 28 days after the filing of the Level 2 grievance.
Ms. Warner timely filed an action with the Ho-Chunk Nation Trial court on July 20, 2004 contesting her demotion based upon a violation of her due process rights. Ms. Warner filed her initial Complaint without an attorney. She attached her Grievance to the Complaint. The Grievance states Ms. Warner’s belief that she was demoted so that another individual would be given her position. Ms. Warner stated several reasons that she believed that the individual was not suited for the position from which she was demoted.
Ms. Warner’s June 24, 2004 Grievance also stated that she did not receive any written notice or an Employee Status Change Form as of that date.
On or about October 13, 2004, Ms. Warner’s attorney moved to amend the Complaint. Although the Amended Complaint is a part of the Trial Court record as filed on January 18, 2005, the record does not reflect the Trial Court’s ruling in allowing the Amended Complaint in to the record. Nor, does the reassignment of the case and subsequent orders shed any light on whether or not the original allegations in the original Complaint filed pro se were incorporated in the Amended Complaint.
The Trial Court issued Findings of Fact that Ms. Warner had not received a notice of the demotion. Order (Final J.), CV 04-72 (HCN Tr. Ct. Sept. 11, 2006) at 12, ¶4. Nevertheless, the Trial Court held that Ms. Warner was not entitled to a notice and hearing prior to her demotion. In dicta, the Trial Court indicated that Ms. Warner may have had a basis to object to the demotion if she was alleging that the non-diseiplinary demotion was a pretext for another reason. Order (Final J.) at 17. However, the Court went on to hold that Ms. Warner bore the burden of presenting her case on the issue of pretext but did not satisfy her burden. Ms. Warner appeals from the decision of the Trial Court.
ISSUES PRESENTED[3]
I. Did the Trial Court err in concluding that no due process violations existed pursuant to the HCN Constitution?
II. Did the Trial Court err in concluding that the Appellant’s equal protection rights were not violated pursuant to the HCN Constitution?
III. Did the Trial Court err in concluding that the Appellant’s due process and equal protection rights were not violated pursuant to the HCN Personnel Policies and Procedures Manual?
IV. Did the Trial Court err in concluding that the Appellee Ona Garvin did not violate the HCN Personnel and Procedures Manual?
V. Did the Trial Court err in concluding that the Appellee James Web *59 ster was acting in his official capacity as the Executive Director of Business and did not act outside the scope of his authority?
VI. Did the Trial court err in holding that the HCN Policies and Procedures Manual section relating to substantive provisions of Level 1 and 2 grievances is constitutional?
VII. Did the Trial Court err in holding that the employer did not impose a disciplinary measure against the Appellant as to her non-disciplinary demotion?
VIII. Did the Trial Court err in holding that HCN Policies and Procedure Manual did not grant procedural due process rights in a non-disciplinary demotion?
DISCUSSION
I. Did the Trial Court err in concluding that no due process violations existed pursuant to the Ho-Chunk Nation Constitution?
Yes, this Court holds that it was an error for the Trial Court to conclude that no due process violations occurred based upon the facts of this case. The Trial Court found that Joyce Warner “received no notice of the demotion.” Order (Final J.) at 12. However, the Trial Court held that this matter was a non-disciplinary demotion and that did not provide due process protections. However, the Court went on to state that if a party could allege that the non-disciplinary demotion was a pretext, the party would be presumably entitled to due process protections. Id. at 17.
The Trial Court found that Ms. Warner had not satisfied her burden in proving that the non-disciplinary demotion was a pretext. Id. However, the record is devoid of that allegation being addressed by the parties below despite the allegation in the initial Complaint. Memo of Joyce Warner at 2-3; Summary Transcript, January 4, 2006. The Trial Court did not address the issue of pretext in the context of that hearing. LPER recording, Jan. 4, 2006. However, the Trial Court ruled that there was no pretext alleged by Ms. Warner without questioning the parties as to that issue.
The Trial Court may address such issues by simply requiring counsel to state on the record whether or not the initial Complaint is included in the Amended Complaint. Perhaps that occurred with the prior Trial Court Judge who heard or granted the Motion to Amend the Complaint. However, this Court was unable to discern that from the record below. The Court is cognizant of the difficulties for a judge who has to complete a matter that was begun by another judge. However, that makes the need for clarifying the record that much more important so that the Ho-Chunk Nation Court System is responding fully and fairly to the Ho-Chunk Nation membership. Perhaps, this requirement seems stricter than requirements of our Anglo counterparts. Yet, the underlying reason for creating the tribal court system was to provide a fairer and more involved court for our tribal membership.
Pretext is defined as: “[Ojstensible reason or motive assigned or assumed as a color or cover for the real reason or motive; false appearance, pretense.” Black’s Law Dictionary (6th Ed.1991). In this case, Ms. Warner alleged that the nondisciplinary demotion was to allow for Darren Brinegar to be given her position. Memo of Joyce Warner at 2-3. Yet, despite that allegation, the Trial Court ruled that pretext had not been alleged or satisfied to the Trial Court.
*60 In reviewing the transcript, it does not appear that the Trial Court sought arguments on the issue of the demotion being a pretext and the recording of the hearing does not present any indication that the Court addressed this issue with the parties. Therefore, the Trial Court erred in holding that Ms. Warner did not satisfy her burden of presenting a case on the issue of pretext where the matter was not argued below. The parties addressed the issues that the Trial Judge sought input on at the hearing.
The Trial Court stated that a disciplinary demotion should be preceded by notice due to the punitive nature. Order (Final J.) at 17. Without stating specifically the notice requirements or punitive impact of a demotion based upon pretext, the constitutional protection of notice may be required where a non-disciplinary demotion is rendered as a pretext for its initiation. The question of whether or not this is such a case is not addressed in the record below.
The hearing was on a summary judgment motion. The questions of law were to be decided and the parties agreed that no material fact was at issue. However, if the Trial Court had indicated to the parties that a demotion based on pretext may raise the constitutional requirement of notice, it is unlikely that Ms. Warner’s counsel would agree that there was no genuine issue of material fact. An allegation of a demotion based upon pretext would appear to raise several factual disputes. Thus, this matter is remanded to the Trial Court for further review of the issue of pretext.
Because this Court is reversing and remanding this matter to the Trial Court on the issue of whether or not Ms. Warner’s demotion was based upon a pretext, the Court is not reaching a decision on the other issues presented. Rather, this Court holds that the due process rights of Ms. Warner may have been violated if her demotion was a pretext for other reasons. In addition, the Trial Court will need to assess whether or not Ms. Warner’s original allegations in her initial Complaint survived the Amended, Complaint.[4]
EGI HESKEKJET.

. Counsel for the Appellant requested and received a continuance of the Oral Arguments scheduled earlier.

. The Veterans’ Day Holiday allowed the Appellant additional time to file her appeal.

. Some of the issues were condensed for the sake of brevity.

. This Court believes that the Trial Court should have determined the status of the allegations prior to holding that the issue of pretext was not raised. Therefore, we leave the question of whether the allegations survived the amending of the Complaint by Mr. Montana to the Trial Court to determine as it has bearing on the outcome of the hearing on remand.