*194 ORDER (Granting Motions to Dismiss)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to grant the defendants’ requests for dismissal of this cause of action on the grounds of res judicata, and/or collateral estoppel. The Court previously adjudicated this identical matter and rendered a final judgment from which the parties could seek appellate review. Regardless, the prior decision remains undisturbed, and the Court is unconvinced by the proffered reasons supporting the plaintiffs’ invitation to reexamine the merits of this fully litigated case. The analysis of the Court follows below.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail in a previous judgment. Order (Prelim.Determinat.ions), CV 07-47 (HCN Tr. Ct., June 19, 2007) at 1-2. For purposes, of this decision, the Court notes that the defendant, Ho-Chunk Nation Election Board (hereinafter Election Board), by and through Ho-Chunk Nation Department of Justice (hereinafter DOJ) Attorney Brian T. Stevens, filed two (2) Motion(s) to Quash Subpoena on June 22, 2007, each accompanied by an affidavit and Motion for Expedited Review. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rules 18, 19(C), 44(A). On the same date, the defendant, Wilfrid Cleveland, filed a timely Motion to Dismiss. See Order (Prelim. Determinations) at 5-6.
The plaintiff, Michael J. Sallaway, by and through Attorney Kenneth J. Artis, filed a timely Response to Motion to Dismiss on June 25, 2007, and also filed the Motion for Preliminary Injunction Barring Swearing-In of Wilfrid Cleveland as President of the Ho-Chunk Nation.[1] Id. at 6. On June 26, 2007, the plaintiff, JoAnn F. Jones, submitted an untimely Response to Defendant’s Motion to Dismiss, but the parties did not object to its consideration by the Court. Mot. Hr’g (LPER, June 26, 2007, 09:24:49 CDT). The Court convened the Motion Hearing on June 26, 2007 at 9:00 a.m. CDT. The following parties appeared at the Hearing; Attorney Kenneth J. Artis, plaintiff Michael J. Sallaway’s counsel; JoAnn F. Jones, plaintiff; Sandra E. Decorah, defendant Election Board’s designated representative, and DOJ Attorney Brian T. Stevens, defendant’s counsel; and Wilfrid Cleveland, defendant.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. VI Executive
Sec. 3. Qualifications. The President shall be at least thirty-five (35) years old and eligible to vote. No person convicted of a felony shall serve as President unless pardoned.
*195 Art. VII Judiciary
Sec. 6. Powers of the Tribal Court.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
Art. VIII Elections
Sec. 6. Certification of Election Results. The Election Board shall certify election results within three (3) days after the date of election.
Sec. 7. Challenges of Election Results. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in Tribal Court within ten (10) days after the Election Board certifies the election results. The Tribal Court shall hear and decide a challenge to any election within twenty (20) days after the challenge is filed in Tribal Court.
Sec. 8. Oath of Office. The Election Board shall administer the oath for the offices of President, Legislature, and Judiciary on the 4th Wednesday following the election after the Election Board certifies the Election results.
ELECTION ORDINANCE, 2 HCC § 6
Subsec. 6. Qualifications.
b. Qualifications of the President.
(1) All candidates for the position of President shall meet the qualifications listed in Article VI, Section 3 of the Constitution, which states:

Section 3. Qualifications. The President shall be at least thirty-five (35) years old and eligible to vote. No person convicted of a felony shall serve as President unless pardoned.

(2) Pardon shall be made by the jurisdiction that issued the felony conviction.
1'. Certification of Qualifications.
(1) The Election Board shall determine whether each candidate for elective office meets the appropriate qualifications listed in the Constitution and any other qualifications required under the laws of the Ho-Chunk Nation, including paragraph 6d, above, and the Ho-Chunk Nation Code of Ethics Act (2 HCC § 1).
Subsec. 8. Nominations.
h. Final List of Candidates. The Election Board shall certify all valid Official Nomination Petition Forms and Official Declaration of Candidacy Forms. The Election Board shall post the final list of candidates for each elective office at the ten (10) Polling Places and in other appropriate locations at least thirty (30) calendar days before the date of the election. The Election Board shall use the Certificate of Nomination Form (Election Board Form 3 at Appendix A).
Subsec. 15. Challenges to the Election Results.
b. The person challenging the election results shall prove by clear- and convincing evidence that the Election Board violated this Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation. If the Court finds the challenge is frivolous and/or wholly without merit, the party challenging shall be assessed costs of the action in an amount to equal five hundred dollars ($500.00).
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made in Court. Motions based on factual matters shall be supported by affi *196 davits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions,
(C) Motions for Expedited Consideration. Any Motion that requires action within five (5) calendar days shall be accompanied by a Motion for Expedited Consideration, The Motion for Expedited Consideration shall state the reasons why the accompanying Motion should be heard prior to the normal time period, and what efforts the party has made to resolve the issue with the opposing party prior to filing the Motion for Expedited, Consideration,.
Rule 44. Presence of Parties and Witnesses.
(A) Subpoenas. Subpoenas may be used to cause a witness to appear and give testimony. If a party wishes to have a subpoena issued by the Court, he/she shall furnish a properly prepared subpoena, including information necessary for service of process, at least ten (10) calendar days before trial. Service will be completed at least three (3) calendar days prior to hearing or trial. When service has been completed, the Court shall mail proof of service to all parties. When service of the subpoena will not be through the Court, the requesting party shall present the properly prepared subpoena to the Court for signature in time to ensure proper service before the hearing or trial and shall return proof of service to the Court prior to the trial If a party does not timely request a subpoena, he/she shall not be entitled to a postponement because of the absence of the witness. If the subpoena has been timely issued, the Court may, in its discretion, postpone the hearing or trial. A person who fails to appear after being subpoenaed may be held in contempt of Court.
Rule 57. Entry and, Filing of Judgment.
All judgments must be signed by the presiding Judge. All signed judgments shall be deemed complete and entered for all purposes after the signed judgment is filed with the Clerk. A copy of the entered judgment shall be mailed to each party within two (2) calendar days of filing. The time for taking an appeal shall begin running from the date the judgment is filed with the Clerk. Interest on a money judgment shall accrue from the date the judgment is filed with the Clerk at a set rate by the Legislature or at five percent (5%) per year if no rate is set.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court de *197 nies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motmii for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
HO-CHUNK NATION RULES OF APPELLATE PROCEDURE
Rule 8. Appeal by Permission.
An appeal from an interlocutory order maybe sought by filing a petition for permission to appeal with the Supreme Court Clerk within ten (10) calendar days after the entry of such order with proof of service on all other parties to the action. The petition shall contain a statement of the facts necessary to an understanding of the controlling question of law determined by the order of the Trial Court; a statement of the question itself; and a statement of the reasons why substantial basis exists for a difference of opinion on the question and why an immediate appeal may materially advance the termination of the litigation. The petition shall include or have attached a copy of the order relating thereto. Within ten (10) calendar days after service of the petition, an adverse party may file an answer in opposition.
HO-CHUNK NATION JUDICIAL RULES OF ETHICS
Art. IV-Diligence and Impartiality
Sec. 4-1. Standards.
The judicial duties of a tribal judge or justice should take precedence over all other activities. The judicial duties of the judge or justice include all the duties of the office prescribed by tribal law, custom *198 or tradition. In the performance of the duties, the following standards apply:
D. A tribal judge or justice should maintain order in the court. He or she should not interfere in proceedings except where necessary to protect the rights of the parties. A tribal court judge or justice should not take an advocate role. Similarly, a judge or justice should rely on only those procedures prescribed by the laws and customs of the Tribe.
FINDINGS OF FACT
1. The parties received proper notice of the June 26, 2007 Motion Hearing.
2. The Court incorporates by reference Findings of Fact 2-4 as enumerated in a previous decision. Order (Prelim.Determinations) at 5.
3. On May 4, 2007, the plaintiff, Michael J. Sallaway, filed a timely pro se election challenge to the results of the April 24, 2007 General Primary Election. Order (Notification to Interested Parties), CV 07-27 (HCN Tr. Ct., May 4, 2007) at 3. The plaintiff alleged the following within his initial pleading:
[background investigation reports are provided by the Compliance Division personnel.... The background checks typically go back 10 years. An exception, however, is clearly stated in the Ho-Chunk Nation Code: No person convicted of a felony shall serve as President, unless pardoned (2 HCC ss 6). This will bring change to the Tribal presidential candidate’s list.
Compl., CV 07-27 (May 4, 2007), Attach. 1 at 2.
4. The Court clearly informed the plaintiff of his burden of proof and production in the earlier action. See, e.g., Order (Preliminary Determinations), CV 07-27 (HCN Tr. Ct., May 14, 2007) at 6-7.
5. The plaintiff proceeded to produce a twenty-five (25) year old judgment entered in the State of Wisconsin with the intention of demonstrating that presidential candidate Wilfrid Cleveland held the status of a convicted felon, and, therefore, could not hold the position of President of the Ho-Chunk Nation. State v. Cleveland, Case No. 1798 (Jackson Co. Cir. Ct., Feb. 7, 1972); see also Const., Art. VI, § 3; Election Ordinance, 2 HCC § 6.6b.
6. On May 24, 2007, the Court deemed that “[biased upon the evidence submitted, it is unclear whether Presidential Candidate Wilfrid Cleveland was indeed convicted of a felony.” Order (Election Challenge), CV 07-27, 7 Am. Tribal Law 122, 128-29, 2007 WL 5298460 (HCN Tr. Ct., May 24, 2007) at 10 (hereinafter Sallaway I). More specifically, the Court concluded:
[t]he plaintiff needed to present clear and convincing evidence that Mr. Cleveland was a felon. This cannot be accomplished by the Jackson County Court file submitted into evidence. It was the burden of the plaintiff to bring in expert witnesses, individuals who were apart [sic] of the underlying crime, to question Mr. Cleveland, etc. For example, the plaintiff could have subpoenaed, to the extent that they were available, then Jackson County Assistant District Attorney, now Jackson County Circuit Court Judge[,] Gerald W. Laabs or the battered police officer, Alfred Young, in order to discuss the underlying charges, timeframe, location and so on and so forth.
Id. at 15-16, at 132.[2]
*199 7. The Court dearly informed the plaintiff of his appellate rights. Id. at 4, 16, at 125, 132-33.
8. On May 30, 2007, the plaintifRappel-lant filed a pro se appeal of the final judgment. The appellant expressed the following basis for his appellate filing: “Judge Rockman misconstrues the law regarding whether or not the conviction of Wilfrid Cleveland, is a felony conviction under sec. 940.205 Wis. Stats. (1971-1972).” Notice of Appeal, SU 07-10 (May 30, 2007) at 1.
9. On June 1, 2007, the Supreme Court denied the appellant’s appeal “as being filed untimely,” commenting that “[t]he Trial Court’s Order provided notice of the HCN R. Civ. P. 80 requirements for election appeals.” Michael Sallaway v. HCN Election Bd., SU 07-10, 7 Am. Tribal Law 56, 57, 2007 WL 5256882 (HCN S.Ct., June 1, 2007) at 1.
10. The plaintiff has not contended that the Trial Court failed to afford him a fair opportunity to be heard in his first cause of action.
11. The plaintiff has presented no evidence to demonstrate that he could not reasonably obtain assistance of legal counsel in his first cause of action.
12. On June 12, 2007, the plaintiff, Michael J. Sallaway, by and through Attorney Kenneth J. Artis, filed a timely election challenge to the results of the June 5, 2007 General Runoff Election. Order (Notification to Interested, Parties), CV 07-47 (HCN Tr. Ct„ June 13, 2007) at 4. The plaintiff alleged the following within his initial pleading: “[o]n June 5, 2007, Wilfrid Cleveland was elected President of the Ho-Chunk Nation, notwithstanding the fact that he is a convicted felon, thus, unable to serve pursuant to Article VI, Section 3 of the Ho-Chunk Nation Consti *200 tution.” Compl, CV 07-47 (June 12, 2007) at 2.
13. On June 14, 2007, the defendant, Election Board, filed its responsive pleading in which it raised the affirmative defense of res judicata. Answer & Mot. to Dismiss, CV 07-47 (June 14, 2007) at 2.
14. On June 15, 2007, presidential candidate JoAnn F. Jones sought permission to intervene in the second cause of action. Mot. to Intervene, CV 07-47 (June 15, 2007). The Court consequently granted the movant’s request. Michael Sallaway v. HCN Election Bd., CV 07-47 (HCN Tr. Ct., June 18, 2007).
15. Ms. Jones attended the first public proceeding, Pre-Trial Hearing, conducted in the previous cause of action, but selected not to intervene in the case.[3] See Tribal Court Sign in Sheet (May 11, 2007). Ms. Jones is a licensed member of the Ho-Chunk Nation Bar, former Associate Judge, and familiar with the rules of the Judiciary.
16. Neither plaintiff attempted to present a legal argument on the basis of persuasive tribal or foreign case law that either res judicata and/or collateral estoppel would not bar the present cause of action. Mot. Hr’g (LPER, June 26, 2007, 10:04:09 CDT).
DECISION
“Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in Tribal Court ..., [and t]he Tribal Court shall hear and decide [the] challenge....” CONST., ART. VIII, § 7. This constitutional provision enables a member to file a suit and avoid the usual immunity defenses, sovereign or official, but the provision does not require the Court to necessarily reach the merits of a challenge. See, e.g., Thomas Yellow Thunder v. HCN Election Bd., CV 03-47 (July 18, 2003) (dismissing action due to plaintiffs failure to attend a hearing). Moreover, the provision does not on its face enable a member to file successive identical challenges with the expectation of insulation from logical affirmative defenses. The Court otherwise would have to anticipate the re-litigation of issues after runoff elections that it had disposed of at the primary election stage.
The Court acknowledges that the challenge timeframe poses inherent difficulties for both litigants and the Judiciary due to its brevity, but the electorate consciously chose this timeframe through the adoption of the constitutional document. Const,, Art. VIII, §§ 6-7. Therefore, the restrictive timeframe should not, by itself, remove precedential authority from carefully and thoughtfully constructed judicial opinions.[4] The plaintiffs, however, simply ar *201 gue that the Court “misconstrues the law regarding whether or not the conviction of Wilfrid Cleveland, is a felony conviction.” Notice of Appeal at 1. The Court purposefully uses the appellate quotation to summarize the instant case in order to emphasize the identical character of the two (2) election challenges. The plaintiffs essentially seek a second opportunity to prove that which could not be proven the first time.
The Court has developed a somewhat limited jurisprudence regarding the prece-dential authority of its decisions. See generally David Abangan v. HCN Dep’t of Bus., CV 01-08, 4 Am. Tribal Law 370, 381-82, 2003 WL 25755728 (HCN Tr. Ct., Mar. 25, 2003) at 17-19. The Court has employed the concept of res judicata to bar a small number of suits during its short history, and has utilized the commonly understood framework developed by the federal judiciary. Ho-Chunk Hous. Auth. v. Martha Martinez, CV 02-04 (HCN Tr. Ct., July 18, 2003); C & B Invs. v. Ho-Chunk Dep’t of Health et al., CV 96-06 (HCN Tr. Ct., Nov. 21, 1996); Geraldine Y. Deere v. HCN Pers. Dep’t, CV 96-19 (HCN Tr. Cl., July 9, 1996); Lona Decorah v. Ho-Chunk Nation, PRC 93-40 (HCN Tr. Ct., Jan. 2, 1996), appeal denied, (HCN S. Ct., Feb. 22, 1996). The Supreme Court has never sanctioned the use of either res judicata or collateral estop-pel, but the prudential benefits associated with these concepts are obvious. The Court shall examine the defense of res judicata for purposes of addressing the case at bar and reserves discussion upon collateral estoppel for a later date.
The common law principle of res judicata, or claim preclusion, provides that “a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.” Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citing Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)). Res judicata, represents “a doctrine judicial in origin,” Comm’r of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948), created to serve as a “rule of fundamental and substantial justice, ‘of public poliey and of private peace,’ ” Hart Steel Co. v. R.R. Supply Co., 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148 (1917), the enforcement of whieh proves vital for the preservation of judicial integrity, as well as for the promotion of judicial efficiency and economy. See generally Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The preclu-sive tools of “res judicata, and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.” Id. Essentially, res judica-ta, is “designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand.” N. States Power Co. v. Bugher, 189 Wis.2d 541, 550, 525 N.W.2d 723 (1995).
Four (4) factors must exist in order to successfully bar an action from proceeding under res judicata. A defendant must demonstrate the presence of 1) a final judgment, 2) “on the merits,” 3) between the same parties or their privies,[5] *202 4) regarding the same claim. See generally Abbott Labs. v. Zenith Labs., 934 F.Supp. 925, 928 (N.D.Ill.1995).[6] The Court takes this opportunity to determine whether these items exist in the instant action.
I. Does res judicata preclude Mr. Sallaway’s cause of action?
The Court issued a final judgment “on the merits” on May 24, 2007, in the initial action. Sallaway I. The Court held that Mr. Sallaway failed to meet his burden of proving by clear and convincing evidence that Mr. Cleveland was a felon that should have been prevented from running for President. Id. at 17. Mr. Salla-way filed an appeal of this decision with the Supreme Court on May 30, 2007, but the Supreme Court rejected the appeal for a failure to file in a timely fashion. Sallaway, SU 07-10, 7 Am. Tribal Law 56, 57, 2007 WL 5256882 (HCN S.Ct., Jun. 1, 2007). Therefore, the first and second prongs are met.
Additionally, the third prong requires identity of parties or privies in both causes of action. Mr. Sallaway appears as the plaintiff in both cases. He again sued the Election Board. Upon notice and invitation, Mr. Cleveland joined each action by filing a Motion to Intervene. Consequently, the third prong is met based upon mutuality of parties.
Finally, the doctrine requires that the plaintiff present the same claim. The Findings of Fact reflect the identical nature of the claims. The Court accordingly concludes that all four (4) prongs exist in the case at hand. In an effort to prevent inconsistent decisions and encourage reliance on adjudication, as well as promote judicial efficiency and relieve the parties of the cost of multiple lawsuits, the Court holds that Mr. Sallaway is precluded from prosecuting this claim a second time.
II. Does res judicata preclude Ms. Jones’s cause of action?
The Court determines that the first and second prongs are met based upon the aforementioned analysis. With regards to the fourth prong, the Court again notes the absolute similarity of the claims presented within the initial pleadings. Furthermore, Ms. Jones has not presented any additional claims, choosing to not file a pleading. Thus, the fourth prong is present.
However, Ms. Jones’s inclusion as an intervening plaintiff does represent a difference at first glance. Ms. Jones was not a named or intervening plaintiff in the first action. The Court must consequently determine whether Ms. Jones would qualify as a privy to the plaintiff in the initial action. “While ‘privity is an elusive concept,’ it is generally applied to those with a sufficiently close identity of interests.” People Who Care v. Rockford Bd. of Ed., 68 F.3d 172, 177 (7th Cir.1995). “Under *203 the doctrine of virtual representation, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with the interest as to be his virtual representative.” Id. at 177. Privity is found where the “party in this connection is one who is directly interested in the subject matter, and had a right to make [a] defense, or to control the proceeding, and to appeal from the judgment.” Bernhard v. Bank of Am. Nat’l Trust & San. Ass’n, 19 Cal.2d 807, 122 P.2d 892, 894 (1942).
The question then arises as to whether Ms. Jones had a fair opportunity to litigate the claim at hand. The Court takes into consideration several factors in helping reach its determination that Ms. Jones maintained this opportunity, as well as incentive to obtain a careful adjudication in the initial action. The Court notes that Ms. Jones had every incentive to join as a party to the first action due to her status as a presidential candidate. Ms. Jones filed her own election challenge concerning a failure to correctly tabulate absentee ballots, and remained keenly aware of the pendency of the first action. Ms. Jones sat in the audience at the initial hearing conducted in the earlier suit. Ms. Jones presently claims a personal stake in the outcome of the litigation, which does not differ in substance from the stake maintained during the General Primary Election challenge. Regardless, Ms. Jones declined to intervene in the first case, presumptively deciding to allow her interest to be represented by Mr. Sallaway. Mr. Sallaway occupied the role of Ms. Jones’s virtual representative. Because of these considerations, the Court determines that Ms. Jones’s interest in the subject matter was sufficiently close to Mr. Sallaway’s to find privity. Therefore, the Court concludes that Ms. Jones, as a privy to the action, is precluded from prosecuting this claim a second time.
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[t]he time for taking an appeal shall begin from the date the judgment is filed with the [Trial Court] Clerk [of Court].” HCN R. Civ. P. 57. Since this decision represents a non-final judgment, “[a]n appeal from [this] interlocutory order maybe [sic] sought by filing a petition for permission to appeal with the Supreme Court Clerk within ten (10) calendar days after the entry of such order with proof of service on all other parties to an action.” Ho-Chunk Nation Rules of Appellate Procedure, Rule 8.[7]
IT IS SO ORDERED this 27th day of June 2007, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Court earlier informed the parties that such a motion would prove unnecessary since the Court maintained the ability to grant appropriate relief to the extent that the plaintiffs prevailed on their cause of action. Pre-Trial Hr’g (LPER at 5, June 19, 2007, 09:17:30 CDT); see also Constitution Of The Ho-Chunk Nation (hereinafter Constitution), Art. VÜ, § 6(a).

. The Court’s comments regarding the deficiencies in the plaintiff's case were not intended to serve as an invitation to file a subsequent action or a blueprint for any such *199 hypothetical case. Furthermore, the Court appropriately declined to instruct the plaintiff as to how best to present his case while before it. But see Joyce L. Warner v. Ho-Chunk Nation el al., SU 06-05, 7 Am. Tribal Law 56, 2007 WL 5256870 (HCN S. Ct„ June 19, 2007). In Warner, the Supreme Court reversed the Trial Court since the presiding judge failed to instruct a represented plaintiff of the advisability of pursuing a specific legal argument. The plaintiff had moved for summary judgment on several issues, thereby abandoning a position raised within an initial pleading. The Supreme Court struggled with the question of whether an amended pleading incorporated this former position, but such speculation proves wholly immaterial. Id. at 59. Quite simply, the plaintiff chose not to argue the matter on summary judgment. Regardless, the Supreme Court conjectured: "if the Trial Court had indicated to the parties that a demotion based on pretext may raise the constitutional requirement of notice, it is unlikely that Ms. Warner's counsel would agree that there was no genuine issue of material fact.” Id. at 60. The plaintiff, however, did not concede to the defendants’ perspective of the case, but rather voluntarily submitted to the Court and the parties that no genuine issue of material fact existed. The defendants, on the other hand, agreed with the plaintiff's assertion in light of the legal issues presented by the plaintiff to the Court for disposition. Warner, CV 04-72 (HCN Tr. Ct., Sept. 11, 2006) at 4-5. The Court remains uncertain of the ramifications of the Warner decision, which certainly suggests that the presumed impartial arbiter of disputes, the Trial Court judge, relinquish this role in order "to provide a fairer and more involved court for our tribal membership.” Warner,, 7 Am. Tribal Law at 59; but see HCN Judicial Rules of Ethics, § 4-1(D) (instructing judges and justices to "not take an advocate role”). The Court respectfully questions the fairness of providing active, and perhaps dispositive, assistance to one party over another. Nonetheless, the instant plaintiff cannot readily avail himself of this jurisprudential curiosity since he (ailed to file a timely appeal. The Supreme Court, and not the Trial Court, would need to extend Warner as grounds for depriving the first case of res judicata effect.

. Unlike the present case, the Court did not deliver the previous May 4, 2007 Order (Notification to Interested Parties) to Ms, Jones since her candidacy was not yet established through judicial action. JoAnn Jones v, HCN Election Bd. et al., CV 07-29 (HCN Tr, Ct., May 21, 2007). Regardless, the Court merely intends that such orders provide notification to interested individuals of the pendency of election suits, which Ms. Jones possessed by virtue of her attendance at the May i 1, 2007 Pre-Trial Hearing.

. Alternatively, the Election Board remains capable of rendering post-election certification decisions on the basis of persuasive evidence offered by third parties. Dallas White Wing v. HCN Election Bd., through Judy Whitehorse, in her official capacity as Chairperson of the HCN Election Bd., SU 07-09 (HCN S.Ct., June 3, 2007). The Election Board should refrain from adopting an adversarial role, and instead remain committed to “[e]n-surfing] that all candidates meet the qualifications for office.” Election Ordinance, § 6.4b(1)(c). On July 4, 2007, the Election Board should only administer the oath of office to individuals that meet such qualifications. Const.. Art. VIII, § 8.

. "Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. The word 'privy' includes those who control an action although not parties to it ..., those whose interests are represented by a party to the action ..., and *202 successors in interest to those having derivative claims.” Restatement Of Judgments § 83 comment a (1943). Although the 1982 version of the Restatement Of Judgments has abandoned the word "privity,” it still requires that the persons be "legally affected by a judgment ... by reason either of being a party or equivalent participation in the litigation, or from having a legal relationship that is derivative from one who was a party.” Restatement (Second) of Judgments introductory note to ch. 4 (1982); see also Montana v. United States, 440 U.S. 147, 155 n. 5, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

. The Abbott Laboratories Court combined the first and second prongs. “There must be (1) a final judgment on the merits in a prior action; (2) identity of the cause of action in both the prior and subsequent suits; and (3) identity of parties or privies in these suits.” Abbott Labs., 934 F.Supp. at 928 (citing Hawxhurst v. Pettibone Corp., 40 F.3d 175, 180 (7th Cir.1994)).

. Parties can obtain a copy of the applicable rules by contacting the Ho-Chunk Nation Judiciary at (715) 284-2722 or (800) 434-4070 or visiting the judicial website at www.ho-chunknation.com/?PageId= 123.