

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2005

# Jones v. Falor

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jones v. Falor" (2005). *2005 Decisions.* Paper 969.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/969

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-185                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4790
_____

DAMON JONES,
Appellant

v.

DR. STANLEY FALOR; BRIAN HYDE; ROBERT TRETINIK;
WILLIAM S. STICKMAN, III; JEFFREY A. BEARD, Ph.D.;
DENNIS R. ERHARD; CATHERINE MCVEY; JOHN DOE; K. DIDDLE,
Physician Assistant; CHIEF HEALTH CARE PROVIDER
OF SCI GREENE; CHARLES ROSSI, Former Health Care
Administrator; SHARON M. BURKS, Chief Grievance Coordinator;
DR. MORRIS HARPER; THOMAS JACKSON, Deputy Superintendent;
PAUL J. STOWITZKY, Former Deputy Superintendent; LOUIS S.
FOLINO, Present Superintendent; EDWARD G. RENDELL, Governor
of the Commonwealth of Pennsylvania are sued in their individual
and official capacities; LORI LAPINA, P.A., Physician's
Assistant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00015)
District Judge: Honorable Terrence F. McVerry

_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
March 31, 2005

Before: ALITO, McKEE and AMBRO, Circuit Judges

(Filed:     June 23, 2005)

_____

OPINION
_____

PER CURIAM.

Appellant, Damon Jones, is a Pennsylvania death row inmate at SCI-Greene. He filed this pro se action pursuant to 42 U.S.C. § 1983, claiming that the numerous named defendants violated his Eighth Amendment rights by failing to provide an adequate course of medical treatment for a left knee injury that Jones allegedly suffered while doing exercise in his cell in November or December of 2000. On June 28, 2004, the District Court granted a motion to dismiss and/or to strike the Complaint, adopting the Magistrate Judge's conclusion that alleged acts or events which pre-date December 29, 2001, are barred under the applicable statute of limitations. The District Court struck the remainder of the Complaint for failure to comply with Federal Rule of Civil Procedure 8(a), and afforded Jones leave to amend.

After Jones filed an Amended Complaint, defendants Falor, Lapina, Diddle, Harper, and Prison Health Services, Inc., filed a motion to dismiss or for summary judgment, claiming, inter alia, that the treatment Jones received was adequate and not in violation of his constitutional rights. The defendants attached Jones' voluminous medical record for the time-period in question as an exhibit to their motion. The Magistrate Judge recommended that summary judgment be granted, noting that the medical records demonstrate that Jones was afforded timely and adequate treatment, including corrective

2

surgery on his knee, and that there is no evidence to suggest that the individual moving defendants (all prison medical personnel) displayed deliberate indifference to a serious medical need. On November 9, 2004, the District Court adopted the Magistrate Judge's recommendation and entered summary judgment for Falor, Lapina, Diddle, Harper, and Prison Health Services, Inc.

The remaining named defendants (all non-medical Department of Corrections personnel) filed a separate motion to dismiss, arguing that Jones failed to state a claim upon which relief can be granted. After Jones filed a response, the Magistrate Judge recommended granting the motion as one for summary judgment, noting that because Jones failed to show deliberate indifference on the part of the medical personnel, the non-medical personnel likewise could not be found liable. On November 30, 2004, the District Court adopted the Magistrate Judge's recommendation, entered summary judgment for the non-medical defendants, and dismissed the unserved "John Doe" defendant for lack of service. The District Court denied Jones' motion for reconsideration, and Jones timely filed this appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We have granted Jones leave to proceed in forma pauperis on this appeal. After a careful review of the record, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which requires that an appeal be dismissed if it is determined to be "frivolous."

As an initial matter, the District Court correctly applied the two-year statute of

limitations period for a Pennsylvania § 1983 action to bar any claim predicated upon acts or events that occurred more than two years prior to Jones' filing of his initial Complaint on December 29, 2003. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). Jones failed to offer any viable argument for a tolling of the limitations period.

As to the events in question that are not time-barred, the record is clear that summary judgment was properly entered.[1] Jones' knee injury was initially identified in mid-2002. He was referred for an MRI examination in August 2002 and found to have a meniscus tear. In February 2003, Jones was referred to an orthopedist, who recommended surgery. That surgery was performed on March 31, 2003. Jones was afforded post-operative physical therapy and numerous follow-up visits with prison medical staff. On this record, we find no evidence from which a reasonable trier of fact could conclude that the defendant medical personnel were deliberately indifferent to Jones' needs with regard to his left knee. Although Jones complains primarily about the timing of his treatment, a rational jury could not conclude that the medical defendants impermissibly denied, delayed, or prevented Jones from receiving needed treatment.

With regard to the non-medical defendants, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

---

[1] "We exercise plenary review over a district court's grant of summary judgment and apply the same standard as the district court; i.e., whether there are any genuine issues of material fact such that a reasonable jury could return a verdict for the plaintiff[]." Debiec v. Cabot Corp., 352 F.3d 117, 128 n.3 (3d Cir. 2003) (citing Fed. R. Civ. P. 56(c)).

4

Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. The record here reflects that the District Court properly applied the teachings of Spruill.

For these reasons, and for the reasons fully explained by the Magistrate Judge and the District Court, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).