GLD-012                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1964
_____

DAMON JONES,
                                        Appellant,

v.

LORI LAPINA, Physician Assistant;
STANLEY FALOR, Physician;
JOHN OR JANE DOE, Medical Record Supervisor
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-01209)
District Judge: Honorable Terrence F. McVerry
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011

Before: FUENTES, GREENAWAY, JR., and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 7, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Damon Jones, a state prisoner, appeals from the District Court's order

dismissing his civil action under Federal Rule of Civil Procedure 12(b)(6). For the

reasons that follow, we will dismiss the appeal as frivolous.

In a prior civil rights action pursuant to 42 U.S.C. § 1983, <u>Jones v. Falor</u>, D.C. Civ. No. 04-cv-00015, Jones alleged that numerous defendants violated his Eighth Amendment rights by failing to provide an adequate course of medical treatment for a left knee injury. Defendants Dr. Stanley Falor, Lori Lapina, K. Diddle, Dr. Morris Harper, and Prison Health Services, Inc. filed a motion to dismiss or for summary judgment, and attached Jones's extensive medical record as an exhibit to their motion. The remaining defendants filed a separate motion, arguing that Jones failed to state a claim upon which relief can be granted. After the Magistrate Judge concluded that Jones failed to show deliberate indifference on the part of the medical defendants, and that the non-medical defendants likewise could not be found liable, the District Court, on November 30, 2004, granted summary judgment for the defendants. Jones appealed.

After a careful review of the record, we determined that the appeal was frivolous, <u>see</u> <u>Jones v. Falor</u>, 135 Fed. App'x 554 (3d Cir. 2005). In pertinent part, we explained:

> Jones's knee injury was initially identified in mid-2002. He was referred for an MRI examination in August 2002 and found to have a meniscus tear. In February 2003, Jones was referred to an orthopedist, who recommended surgery. That surgery was performed on March 31, 2003. Jones was afforded post-operative physical therapy and numerous follow-up visits with prison medical staff. On this record, we find no evidence from which a reasonable trier of fact could conclude that the defendant medical personnel were deliberately indifferent to Jones's needs with regard to his left knee. Although Jones complains primarily about the timing of his treatment, a rational jury could not conclude that the medical defendants impermissibly denied, delayed, or prevented Jones from receiving needed treatment.

<u>Id.</u> at 556. The United States Supreme Court denied certiorari on October 2, 2006.

In the meantime, on September 13, 2006, Jones filed the instant civil rights action against Lapina, Dr. Falor, and a John Doe medical records supervisor, alleging that the medical records Lapina and Dr. Falor submitted in support of their motion for summary

2

judgment in the prior civil action, were "inadequate and inaccurate," and "deliberately falsified." Complaint, at ¶ 2. The Complaint alleged numerous alterations of Jones's medical records from late 2001, through 2002, and into early 2003. The defendants filed a motion to dismiss Jones's latest civil rights complaint. After he failed to respond to the motion, the District Court, in an order entered on June 25, 2008, granted it and dismissed the complaint. Jones then filed a post-judgment motion, seeking an opportunity to respond to the defendants' motion to dismiss.

After some confusion which we need not recount here, the case was reopened and Jones was permitted to respond in opposition to the defendants' motion to dismiss, see Jones v. Lapina, 349 Fed. App'x 794 (3d Cir. 2009). Once the case was reopened, Jones was able to submit his response, and numerous exhibits. After Jones also submitted a second or "renewed" response, the defendants sought and received leave to reply. In their reply, the defendants argued that Jones was barred from litigating the second civil rights action by the doctrine of claim preclusion. The Magistrate Judge then recommended that the action be dismissed on the basis of claim preclusion, reasoning that the instant action involved the same parties, the same facts, and the same injury as Jones's previous action filed at D.C. Civ. No. 04-cv-00015. In both suits, the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations, all were the same. In addition, Jones had the information he needed to raise his fraud argument in his 2004 civil action. The District Court, in an order entered on March 31, 2011, granted the defendants' motion to dismiss, denied as moot Jones's motion to substitute an Executor for Dr. Falor, and adopted the Report and Recommendation as the opinion of the court.

3

Jones appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The defense of claim preclusion may be raised and adjudicated on a motion to dismiss. See Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir.1972). A court may take judicial notice of the record from a previous court proceeding between the parties. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

In argument in support of this appeal, Jones contends that his case involves a fraud upon the court which he could not have raised previously. See Argument in Support of Appeal, at 1-2 (citing Fed. R. Civ. Pro. 60(b)). He argues that application of the doctrine of claim preclusion in his case would be contrary to Rule 60(b). We reject these arguments as meritless. First, Jones has confused the instant action for legal and equitable fraud with an assertion of fraud upon the court pursuant to Rule 60(b)(3) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … * * (3) fraud (whether previously called intrinsic or

4

extrinsic), misrepresentation, or misconduct by an opposing party….") And, had he actually filed a Rule 60(b)(3) motion in his 2004 action, it would have been subject to dismissal as untimely filed, see Rule 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.")

Second, the doctrine of claim preclusion "'is not a mere matter of technical practice or procedure' but 'a rule of fundamental and substantial justice.'" Equal Employment Opportunity Comm'n v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (quoting Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299 (1917)). "It is 'central to the purpose for which civil courts have been established, the conclusive resolution of disputes,'" and seeks to avoid "'the expense and vexation attending multiple lawsuits, [while] conserve[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Id. (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).

The District Court properly applied the doctrine of claim preclusion here. Claim preclusion applies where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984). Whether two causes of action are identical depends, in general, on a consideration of (1) whether the acts complained of and the demand for recovery are the same; (2) whether the same witnesses and documents will be necessary in the trial in both cases; and (3) whether the material facts alleged are the same. See id. at 984. Here, there was a final judgment in the prior action, the parties are the same, and the assertions in Jones's

5

second civil complaint involve the same operative facts as in his 2004 complaint. In both actions, the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations all are the same. With the exception of a new legal theory – that his prison medical records were deliberately falsified in order to defeat his claim of liability – the two lawsuits are identical, and a new legal theory does not make the second case different for purposes of claim preclusion, see Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993) ("Claim preclusion … prohibits reexamination not only of matters actually decided in prior case, but also those that parties might have, but did not, assert in that action.").

As the Magistrate Judge concluded, Jones had a full and fair opportunity in his prior civil rights action to litigate the accuracy of the medical records on which the defendants' motion for summary judgment relied. He could, and should, have raised his claim that the records had been falsified in his response to the defendants' motion or in his objections to the Magistrate Judge's Report and Recommendation. He also could have raised it in his motion to alter or amend the judgment, or in his appeal to this Court. The information contained in the medical records was not concealed from him; Jones had the information he needed to raise his claim of fraud in his prior action. See Complaint, at ¶ 2 ("The defendants' motions were forwarded to plaintiff on 11-13-04, through the U.S. mail service. And upon receipt of the motions, plaintiff had discovered that the defendants Lapina, Falor and Jane or John Doe, had knowingly and intentionally failed to maintain an adequate and accurate medical record for plaintiff's medical history.") In filing a separate and second civil rights action, Jones improperly split his claim. The doctrine of claim preclusion was designed to prevent this, unless the defendants

6

acquiesce (and they did not here), so that judicial economy is promoted and defendants are protected from harassment.  See Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1073 (3d Cir.1990).

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).